————O————

**Z. G. JONES, Defendant in Error, *vs.* BERNARD HANNOVAN, Plaintiff in Error.**

1. *Lands—Surface-water—Drainage—Water-courses.*—A proprietor of land may drain surface-water from his land in such way as may suit him, provided he does so in an usual and careful manner, without being responsible to others; but such water, after emptying into a stream, ceases to be surface-water and becomes a part of the stream.

2. *Damages—Instructions—Benefits—Injury, nominal.*—A plaintiff is entitled to damages when defendant has caused water to overflow plaintiff's land; but if no pecuniary damages are proved, such damages are only nominal; and the court is not required to instruct that the defendant is entitled to a verdict, provided the benefits accruing to the plaintiff from defendant's acts have been greater than the injuries arising therefrom.

*Error to Carroll Circuit Court.*

*Ray & Ray*, for Plaintiff in Error.

I. Defendant had the right to drain the surface-water from his own land by ditches and embankments thereon, and if said ditching and embankments were done on his own lands with reasonable care and skill, and plaintiff is incidentally inconvenienced or injured thereby, he is without remedy. The case is one of *"damnum absque injuria."* (Swett vs. Cutts, Amer. L. Reg. [Jan. 1872], 11, and cases cited; Waffler vs. N. Y. Central R. R., 58 Barb., 413; Goodale vs. Tuttle, 29 N. Y., 459; Curtis vs. Eastern R. R., 14 Allen, 55; Bowlsby vs. Speer, 2 Vroom, 351; Miller vs. Laubach, 47 Penn. St., 154; Buller vs. Peck, 16 Ohio, 334; Wheeler vs. City of Worcester, 10 Allen, 591; Basset vs. Salisbury Manuf. Co., 3 Amer. L. Reg. [N. S.], 223; Chatfield vs. Thilson, 28 Vt., 49.)

*L. H. Waters*, for Defendant in Error.

I. The owner of the higher ground can do nothing to aggravate the servitude of the lower. An action will lie when the natural servitude is made more burdensome. (Martin vs. Jelt, 22 La., 501 ; Martin vs. Riddle, 26 Penn., 418 ; Kauffman vs. Guisemer, 26 Penn., 407.)

II. The ditch of defendant altered the natural drainage so as to throw upon plaintiff's land water that he had not received before. (Bentz vs. Armstrong, 8 Watts. & S., 40 ; Miller vs. Laubach, 47 Penn. St., 154 ; Bellows vs. Sackett, 15 Barb., 96.)

III. If the ditch in question increased the quantity of water upon plaintiff's land, or, without increasing the quantity, threw it upon his land in a different manner from what the same would naturally have flowed, then the defendant is liable. (Livingston vs. McDonald, 21 Iowa, 160 ; Butler vs. Peck, 16 Ohio St., 334 ; Ang. Wat., 108.)

IV. The defendant's liability was fixed by his interference with the natural drainage. (Sedg. Meas. Dam., 157.) No infringement of the rights of another can be justified on the ground that the act is a benefit to the owner. (Tillotson vs. Smith, 32 N. H., 20 ; Jewett vs. Whitney, 43 Me., 242 ; Ang. Waterc., § 433.)

V. Even a supposed benefit cannot be forced upon another against his will. (Webb vs. Portland Manuf. Co., 3 Sumn., 202.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover from the defendant damages for the unlawful diversion of the water of a watercourse from its natural channel, and turning the waters thereof on the plaintiff's lands, by which he claims to have been damaged. The petition charges, that the plaintiff is the owner of a tract of land in Carroll county, Missouri; that the defendant in the year 1867 wrongfully diverted the channel of a certain stream of water running in near proximity to said land, and wrongfully dug ditches and threw up embankments

near to and along the side of plaintiff's land, by which said wrongful diversion of the channel of said stream, and digging of said ditches, and throwing up of said embankment, plaintiff's land was overflowed by said water, &c., and by all which he has sustained damages, for which judgment is prayed in the sum of five hundred dollars.

The answer of the defendant simply denies the allegations in the plaintiff's petition. A trial was had before a jury. On the trial the plaintiff introduced evidence, tending to prove that he and the defendant were the owners of adjoining tracts of land ; the land owned by the plaintiff being the land described in the petition ; that there were two small creeks or streams of water running over or through defendant's land, one of which ran near to or upon the corner of the plaintiff's land and caused a small quantity of the land to be wet and swampy, but that the waters of the other stream, it being the larger of the two, did not in any way affect the plaintiff's land ; that in 1867, the time named in the petition, the defendant had dug a ditch on his own land, by which he carried the water of one of these streams to the channel of the other, and, after uniting the waters of the two streams, defendant had carried their combined waters in a ditch to the dividing line between the lands of plaintiff and defendant, where the ditch was turned, making an angle, and then continued south between the lands of plaintiff and defendant, but on the defendant's own land ; that in digging the ditch the earth was thrown on the defendant's land, making an embankment on the defendant's side of the ditch ; that, when the streams of water in the ditch became swollen, the water at the angle of the ditch was forced over and ran upon plaintiff's land, and it was damaged thereby. A map was given in evidence, showing the situation of the plaintiff's and defendant's lands, and the water streams on the defendant's land, and also the course and situation of the ditch. The defendant introduced evidence tending to prove, that the ditch made by him, while it might force some water on the plaintiff's land at a time of heavy rains, yet it drained water from the land, as much or more

than was forced on it by the ditch, and that the land was not made less valuable by the ditch and embankment. The defendant's evidence also tended to prove, that plaintiff had at one time consented, that, if the defendant would extend the ditch a considerable distance further, he would be satisfied, which the evidence tends to prove was done. At the close of the evidence the court gave a great number of instructions for the respective parties, and refused two instructions asked for by the defendant. The defendant objected to the giving of the instructions on the part of the plaintiff, and excepted to the opinion of the court in refusing the two instructions refused on the part of the defendant. It is not requisite that these instructions should all be stated in full, in order to a proper understanding of the case. The jury returned a verdict for the plaintiff for the sum of $74.99.

The defendant filed a motion to set aside the verdict and grant a new trial, which being overruled he excepted, and has brought the case here by writ of error.

The only question raised in this court by the defendant is as to the propriety of the action of the court in the giving and refusing of instructions to the jury. The court instructed the jury on the part of the plaintiff, as follows:

"If the jury believe from the evidence in this case, that the defendant in the fall of 1867 dug or deepened a ditch, whereby the water of one drain or stream was diverted from its usual channel or bed, and caused to flow in a new direction, and that thereby the whole or any part of the water of such drain or stream was made to flow or did flow upon the land of the plaintiff, then the plaintiff is entitled to recover, irrespective of damages done to his land."

2nd. "The main question in this case for the jury to determine is, whether the defendant, by the digging, or deepening, of a ditch in the fall of 1867, caused water to flow on to the plaintiff's land, which would not have flowed upon it had such ditch never been dug or deepened, and if from the evidence in the case the jury shall believe that such a state of facts exists, then they must find for the plaintiff."

3rd. "In determining this case and making up their verdict, the jury must take into consideration all the evidence in the case, and if the jury believe, that the defendant in 1865 dug a ditch from the foot of the pond, shown upon the map offered in evidence, in a westerly direction to a drain, and that in the fall of 1867 the defendant deepened that ditch and continued it in a south-westerly direction to the line of plaintiff's land, and thence south along the line between the land of plaintiff and defendant, and that, by said deepening and lengthening of said ditch in the fall of 1867, any water was diverted from its usual course and flowed in part upon plaintiff's land, no matter from whence said water came, then the plaintiff is entitled to recover, and the jury will assess his damages at not less than one cent, and at such greater sum as the evidence in the case has shown that the plaintiff has sustained."

4th. "Although the jury may believe from the evidence, that the ditch along the line, between the plaintiff's and defendant's land, would in an ordinary season be of advantage in draining the plaintiff's land, yet if they also believe from the evidence, that the entire ditch taken together by the digging and lengthening in 1867 did in the Spring of 1868, by combining the waters of the two creeks, shown on the map offered in evidence by plaintiff, overflow more of plaintiff's land than would have been overflowed had the waters of the two creeks remained apart, then the plaintiff is entitled to recover in this action."

The defendant objects to these instructions, and insists that the defendant had the right to drain the surface-water from his own land, by ditching and embankments made thereon, to render it more wholesome, useful, and productive ; and that if the ditching and embankments were made or done on his own land with reasonable skill, and plaintiff was incidentally injured thereby, he is without remedy. This as a general rule is unquestionably the law ; each proprietor may control merely surface-water, so as to protect himself, and drain it off from his own land. Surface-water is considered a com-

mon enemy that each proprietor may and must fight for himself, with a view to protect himself, without being responsible to others therefor, provided he does so in an usual and careful manner.

This was held in a recent case decided in this court, where the authorities on the subject were considered and referred to —Imler vs. City of Springfield, *ante p.* 119 ; but that question does not and cannot arise in this case. The petition in this case charges the defendant with diverting the waters of a water-course; the evidence in the case all refers to the diversion of two water-courses, nothing is said or hinted at, in either the pleadings or evidence, about surface-water. A map or profile was offered in evidence and is relied on as correct by both parties, on which is laid down the two water-courses and the ditch, and in which the manner is shown, by which the water was taken from the water-courses and conducted by the ditch. It is true that the evidence shows, that the water falling on the high lands around in case of heavy rains is naturally conveyed in these streams and swells the volume of water conveyed by them; but as soon as the water enters these streams and commences to flow in their channels, it ceases to be surface-water and constitutes a stream of water or water-course.

All water-courses are made up more or less from surface-water, but after it enters into the stream and commences to flow within its banks, it is no longer to be considered surface-water. (Rose vs. City of St. Charles, 49 Mo., 509.) The instructions given, when all taken together, only refer to the water taken from these creeks or small water-courses, and I think fairly presented the case to the jury. It is true, that by the third instruction it is said, that, if the water was diverted out of its usual course and flowed in part upon the plaintiff's land, no matter from whence the water came, the plaintiff is entitled to recover; but this cannot refer to surface-water, and the jury could not so have understood it; for the whole instruction, when taken together, makes it evident that the water taken from the water courses was what was intended. No question

seems to have been made on the trial about surface-water, or anything else but the changing of the course of, and the uniting of the water of the two streams shown in the evidence, and the instructions must have been so understood by the jury. The only remaining question in the case is as to the measure of damages. The defendant asked the court to give the jury the following instructions, which were refused by the court:

"That if the jury believe from the evidence, that plaintiff's land is benefited rather than injured by the ditch in question, they will find for the defendant.

That if the jury believe from the evidence, that the ditch in question carried more water from plaintiff's land than it conducted on the same, then they will find for the defendant."

The refusal of the court to give these instructions is insisted on as error in this court. The court had already instructed the jury, that, if the plaintiff had received no pecuniary damage by the flow of the water on his land, they could only find one cent damages. This was all that the law required. In such cases the law presumes nominal damages when no damages are proved. (Sedg. Meas. Dam. [4 Ed.], side p. 137.) There were a number of other instructions given not referred to in this opinion, but they have no tendency to change the principles involved in the ones herein referred to, and no other points having been made in the case, and the judgment appearing to be for the right party, it will be affirmed.

The other judges concur.