EDWARDS v. CHARLOTTE, &c., RAILROAD COMPANY.

1. SURFACE WATER—COMMON LAW IN SOUTH CAROLINA.—In action against a railroad company by an adjoining landowner to recover damages for injuries caused by surface water thrown back on plaintiff's land by a sand bank erected by defendant on its right of way, the trial judge did not err in charging the jury that defendant was not liable if the sand bank was necessary for the protection of its roadbed and right of way; for our General Statutes (sec. 2738) continues of force in this State the common law of England, except where it has been changed, and by that common law surface water is a common enemy, against which every landed proprietor has a right to take any measures necessary to the protection of his property, even if in doing so he throws it back upon a coterminous proprietor.[1]

2. IBID.—RAILROADS.—In the matter of protecting itself from the flow of surface water, a railroad company has the same rights as an individual landed proprietor.

Before WITHERSPOON, J., Aiken, April, 1892.

This was an action by Elizabeth Edwards and her husband against the C., C. & A. R. R. Company, commenced February 20, 1891. Verdict was for defendant, and plaintiff appealed.

*Messrs. Henderson Bros.* and *John R. Cloy,* for appellants, cited 28 S. C., 163; 34 *Id.,* 66; 37 *Id.,* 343; 34 A. & E. R. R. Cas., 143; 71 Mo., 237; 131 Mass., 491; 11 Tenn., 382; 16 S. E. Rep., 181; Lewis Em. Dom., § 566; 13 S. C., 99.

*Messrs. Croft & Chafee* and *B. L. Abney,* contra, cited some of

---

[1] For an exhaustive note on this subject, see 21 L. R. A., 593.

the cases stated in the opinion of this court, and, also, the following: 33 Kan., 374; 20 A. & E. R. R. Cas., 117, 103; Dill. Mun. Corp., § 798, and notes; Ang. Waterc., § 108; Add. Torts, 105; Hill. Torts, 584; 64 Ind., 167; 67 *Id.*, 201; 31 Am. Rep., 114; 3 *Id.*, 50; 10 Allen, 106; 87 Am. Dec., 625; 25 Wisc., 223; 29 *Id.*, 511; Cooley Torts, 574.

September 29, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff, who is a married woman, joining her husband with her as a coplaintiff, brings this action against the Charlotte, Columbia and Augusta Railroad Company, to recover damages alleged to have been done to her property, as well as to her health, by reason of the obstruction by the defendant company of the natural flow of surface water over and across the right of way and railroad track of defendant. The allegations in the complaint, substantially, are, that some time in the year 1867 the defendant company constructed its railway through the town of Graniteville, over and along Canal street of said town, running north and south, parallel with Horse Creek, a natural water course, on the west of the railway; that plaintiff is the lessee of certain premises, situate at the northeast corner of Canal street and Cottage, the latter being a street running perpendicular to the former; that on the eastern side of the town of Graniteville the land is hilly, and gradually slopes towards Horse Creek, and that the surface water which would accumulate on the eastern side was accustomed to flow, in part, down and along Cottage street, across Canal street, to said Horse Creek, previous to the construction of defendant's road, and for some time afterwards, without injury to plaintiff's premises, but that some time in the year 1878, "the defendant negligently, unlawfully and unnecessarily" erected a large sand bank at the intersection of Canal and Cottage streets, whereby the surface water was forced back on plaintiff's premises, and has continued to maintain and increase said sand bank.

The defendant claims that the sand bank complained of (which was constructed on defendant's right of way) was ne-

cessary to protect its roadbed and right of way from being undermined and washed away by the flow of the surface water, and, therefore, its construction was no invasion of the legal rights of the plaintiff, and the defendant is not liable for any damages which plaintiff may have sustained by reason of such obstruction of the flow of the surface water. The Circuit Judge, in effect, charged the jury that the first question for them to determine was whether the construction of the sand bank was necessary for the protection of defendant's roadbed and right of way, and, if so, then the defendant was not liable. The jury, under this instruction, found a verdict in favor of the defendant, and judgment being entered thereon, the plaintiff appeals, upon the several grounds set out in the record. Under the view which we take, we do not deem it necessary to repeat these grounds, for the whole case, in our judgment, turns upon the inquiry whether there was any error in the instruction thus given to the jury.

It is not, and cannot be, denied that the rule in regard to interference with the flow of surface water is wholly different from that which prevails in regard to the waters of a natural water course. We shall, therefore, confine our attention entirely to the rule as to surface water. What that rule is has been the subject of debate in numerous cases in the other States, many of which we have examined in preparing this opinion. Some of the States have adopted what is known as the civil law rule, while others seem to have adopted what is designated as the intermediate rule, while others again (a majority of the States, as is said in a note to *Goddard* v. *Inhabitants of Harpswell,* 30 Am. St. Rep., at page 391,) adhere to the rule of the common law. In this State, so far as we are informed, there is no adjudication upon the subject, for what was said upon the subject by the late Chief Justice Simpson was "not intended as a final adjudication, and conclusive of said question in the future," as he himself expressly said in that opinion, but simply his own opinion as to the comparative merits of the several rules.

But in view of the express declaration of the law-making power, as embodied in section 2738 of the General Statutes, we

feel bound to declare, in the absence of any constitutional pro-vision, statute or even authoritative decision to the contrary, that the common law rule must still be recognized as control-ing here, for that section expressly declares that: "Every part of the common law of England, not altered by this act nor in-consistent with the Constitution of this State, and the customs and laws thereof, is hereby continued in full force and virtue within this State in the same manner as before the passage of this act." Under the common law rule, surface water is re-garded as a common enemy, and every landed proprietor has a right to take any measures necessary to the protection of his own property from its ravages, even if in doing so he throws it back upon a coterminous proprietor to his damage, which the law regards as a case of *damnum absque injuria,* and afford-ing no cause of action.

This rule was applied in a case very much like the present— *Rowe* v. *St. Paul, &c., R. R. Co.,* 41 Minn., 384, s. c. 16 Am. St. Rep., 706; also, in *Cairo & Vincennes R. R. Co.* v. *Stevens,* 73 Ind., 278, s. c. 38 Am. Rep., 139; *O'Connor* v. *Fond DuLac, &c., Railway Co.,* 52 Wisc., 526, s. c. 38 Am. Rep., 753; *Johnson* v. *Chicago, &c., R. R. Co.,* 80 Wisc., 641, s. c. 27 Am. St. Rep., 76. See, also, *Chadeayne* v. *Robinson,* 55 Conn., 345, s. c. 3 Am. St. Rep., 55, and *Abbot* v. *Kansas City, &c., R. R. Co.,* 83 Mo., 271, s. c. 53 Am. Rep., 581, in which the case of *Shane* v. *Kansas City, &c., R. R. Co.,* 71 Mo., 237, relied upon by ap-pellant, as well as the case of *McCormick* v. *Kansas City, &c., R. R. Co.,* 70 Mo., 359, are commented on and practically over-ruled, so far as the question now under consideration is con-cerned. These cases, as well as many others which might be referred to, together with those cited by respondent's counsel in his argument, abundantly show that there was no error on the part of the Circuit Judge in giving the instruction com-plained of to the jury.

The case of *Staton* v. *Norfolk & Carolina R. R. Co.,* recently decided by the Supreme Court of North Carolina, and reported in 111 N. C., 278, and 16 S. E. Rep., 181, seems to be much re-lied upon by the counsel for appellant. But we do not think it in point. The question there was different from that pre-

sented here, and the discussion was principally devoted to an inquiry into the rights acquired by a railroad company from the exercise of its right to condemn lands under the power of eminent domain, with which we are not concerned here.   Here we freely and fully concede the doctrine laid down in that case, that a railroad company has no higher rights, in reference to the treatment of surface water, than an individual land proprietor; and that is as far as that case is applicable to the present.   Besides, as we understand, North Carolina is one of the States which recognize the cival law rule in reference to surface water, and hence the decisions in that State would afford no assistance where the common law rule prevails.   So, too, the cases of *Mills* v. *G. & C. R. R. Co.*, 13 S. C., 97, and *Wallace* v. *Rail Road Co.*, 34 *Id.*, 66, and again reported in 37 S. C., 336, being cases in reference to natural water-courses, and not cases of surface water, have no application to the present case.   Nor are we able to discover anything in the case of *Gregory* v. *Layton*, 36 S. C., 93, which throws any light upon our present inquiry.

Under the view which we have taken, the other grounds of appeal become immaterial.   For even if the alleged errors there complained of were well founded, the result reached would not have been affected.   Assuming, as we must do, that the jury found as matter of fact that the sand bank complained of was necessary for the protection of defendant's right of way and roadbed, we are unable to see how the instructions complained of could possibly have affected the result.   We may add, however, that we see no error in any of the instructions complained of.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.