CAIN v. SOUTH BOUND R. R. CO.

SURFACE WATER—DAMAGES.—It is an actionable injury for a person to collect surface water into an artificial channel and cast it on another's land in concentrated flow.

Before WATTS, J., Bamberg, February, 1900. Reversed.

Action by A. C. Cain against South Bound R. R. Co. for damages to land by flowing water thereon. From order sustaining demurrer of defendant, plaintiff appeals.

*Messrs. J. P. Matheney* and *Howell Gruber* and *Bostick,* for appellant. The latter cites: 24 Ency., 904, 917-931; 36 S. C., 93; Rev. Stats., 1264.

*Messrs. C. J. C. Hutson* and *Laurie T. Izlar,* contra. The latter cites: Angel on Watercourses, secs. 108a, 108b; 9 Am. R., 276; 110 N. C., 438; 43 N. W. R., 76; 38 Am. R., 139; 39 S. C., 472; 32 S. E. R., 358.

October 3, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order sustaining a demurrer to the complaint, said demurrer being based on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that the sole damages claimed by the plaintiff are alleged to have occurred by the flowing of surface water on the lands of the plaintiff by

the defendant in turning it off its right of way for the purpose of protecting and preserving its road-bed.

The complaint is as follows (after alleging the incorporation of the defendant company and the ownership by plaintiff of the land described):

"III. That a short distance south of plaintiff's said land, and before entering said land from the Savannah side, the aforesaid railroad of defendant traverses a natural depression in the adjoining lands, wherein the surface waters from the adjoining lands of other owners were from time immemorial wont to accumulate, making a natural pond or reserve of water during and after the seasons of considerable rainfall, which said accumulation of surface water had always been accustomed before the construction of defendant's said railroad, to waste away and disappear from absorption and evaporation, there being no outlet therefor without coming upon or in anywise affecting plaintiff's said land.

"IV. That the construction of defendant's said railroad through said depression has since caused the accumulation of waters therein to follow the grade of said railroad and flow along the drain constructed by defendant along the west side thereof where it intersects the aforesaid land of plaintiff, being confined within the said drain on the west side of said railroad by the natural conformation of the land on the one·hand and by the bed of defendant's said railroad on the other, whereby it was prevented from crossing on the lands of plaintiff on the east side of said railroad.

"V. That at a point where said railroad crosses a considerable and fertile field of plaintiff on his said land accustomed for many years before and ever since the construction of said railroad to be planted in cotton, corn and other crops, and where the lowest and naturally the most productive portions thereof lie, in order to direct the course of the aforesaid water from its said right-of-way, defendants, its servants, agents and employees, threw up an embankment across said drain on the west side of its road-bed, and placed at the abutment of said embankment upon its road-bed a waste-

pipe under its track and through and across its said road-bed, causing the said waters to flow through and under its said track and to discharge themselves upon and into the said field of plaintiff, thereby causing during each and every year frequent inundations of a considerable portion of said field and destruction of crops growing thereon, and injury to the soil from the washing away thereof, and the deposit of worthless sand brought down by the flow of said waters, all of which was done by defendants wrongfully, unlawfully and without right or authority.

"VI. That the aforesaid pipe and embankment with the drainage there through are now and have been for the whole period of plaintiff's ownership of said lands maintained and kept up by defendant, its servants, agents and lessees, wrongfully, unlawfully and without regard or permission, in wilful, reckless and wanton disregard and violation of the rights of plaintiff, and to the great, continuing and constantly increasing damage of plaintiff's said land, and its utility and rental value for agricultural purposes, in utter, reckless, wilful and wanton disregard of the damage that thereby has ensued and is now ensuing to the said plaintiff, and after repeated notice from plaintiff to defendant, its servants, agents and lessees, requiring the abatement of said nuisance to the damage of plaintiff in the sum of five hundred dollars."

We think it was error to sustain the demurrer. Conceding that the water which defendant caused to flow upon plaintiff's land was surface water, it was an actionable injury for the defendant to collect such water in an artificial channel and cast it onto plaintiff's land in concentrated flow. This subject has been recently considered in the case of *Brandenburg* v. *Zeigler, ante,* and the rule as therein stated should govern this case.

The judgment of the Circuit Court is reversed.