7754

TOUCHBERRY v. NORTHWESTERN R. R. CO.

1. SURFACE WATER—NEGLIGENCE.—A railroad company has the right to so construct its roadbed as to dam up surface water and an adjoining proprietor is not entitled to recover for damage to his land whether the construction was negligent or not. In view of the final instructions to the jury and their inquiry on coming out, it is held that an instruction in the first part of the charge to the effect that

such proprietor could recover if the roadbed was negligently constructed, is harmless error.

2. INSTRUCTIONS as to finding a verdict to jury on being called in after being out some time, *held* to be within the conduct of the trial and within the Court's discretion.

3. APPELLANT must show prejudicial error in exclusion of evidence.

Before SEASE, J., Clarendon, October term, 1909. Affirmed.

Action by J. W. Touchberry against Northwestern R. R. Co. From judgment for plaintiff, defendant appeals on the following exceptions:

1. "Because the presiding Judge erred in admitting in evidence the plat made by E. J. Browne, surveyor, whereon he had physically delineated a watercourse by a wavy line, with the words, 'Old waterway, as evidenced by growth of grass and trees,' written on it, in that such line indicated the existence of a watercourse and did not purport to indicate grass and trees, and it was error for the Court to permit the plat to go in with these words upon it, for they were conclusions. It appeared from the statement itself that there was only grass and trees upon the ground, and that fact alone could have been put upon the plat, without the conclusions of the surveyor.

2. "Because the presiding Judge erred in charging the jury as follows: 'The railroad has a right to obstruct any kind of watercourse, natural or artificial, in the construction, maintenance, operation and repairs of its roadbed, if it does this in a way that is not negligent, as I will define negligence to you later on,' in that there is a difference between natural watercourses and artificial watercourses, the railroad being liable for the negligent obstruction of a natural watercourse and not liable for the negligent construction of an artificial watercourse, and the presiding Judge put them both on the same footing, and one of the contentions in this case was that only surface water had

been obstructed, and, under the proof, at most, an old ditch, which carried surface water only, had been obstructed, and it was prejudicial to the defendant, under the case as alleged and as made, not to draw a distinction between a natural watercourse and an artificial wartercourse.

3. "Because there was error in charging the jury, at the request of the plaintiff, as follows: 'The defendant, railroad company, has a right to obstruct the flow of watercourses and of surface water, provided its road is not negligently constructed; but if the road is negligently constructed, and as a result of this negligence water is dammed up and thrown back on the plaintiff's land, and injures it, the defendant is liable for such injuries,' in that no distinction was drawn between the liability for obstructing a natural watercourse and for obstructing the flow of surface water; it being unlawful to negligently obstruct a natural watercourse; and as to surface water, the defendant owed the plaintiff no duty, and was not liable for negligently obstructing such surface water; and, besides, the case of the plaintiff, as tried, was based upon the obstruction of a natural watercourse.

4. "The presiding Judge charged the jury, at the request of the plaintiff, as follows: 'The defendant, railroad company, has a right to obstruct the flow of watercourses and of surface water, provided its road is not negligently constructed; but if the road is negligently constructed, and as a result of this negligence water is dammed up and thrown back on the plaintiff's land, and injures it, the defendant is liable for such injuries.'

"And also charged the jury as follows, at the request of the defendant:

1. " 'The railroad company is not liable for obstructing by embankment, or otherwise, the flow of surface water.'

2. " 'The railroad company has the right to obstruct the flow of surface water, and if at the point in question it has obstructed the flow of surface water, and such is only sur-

27—87

face water, then Mr. Touchberry cannot recover in this action.'

"And there was error in such charge; in that, in the first place, the charge above, at the request of the plaintiff, did not contain a correct proposition of law; and in that the charge as given is wholly irreconcilable and self-destructive, and by such irreconcilable charge the jury was left in a state of uncertainty as to their attitude in the premises, and as to their right or duty to give damages for obstructing and throwing back surface water; and in that the presiding Judge failed to draw the distinction between the obstruction of a natural watercourse and of surface water, there being a liability for negligently obstructing the one and no liability for obstructing the other.

5. "The jury was sent out just before a recess, at mid-day, charged with the consideration of the case, and con-tinued in the room until 9 o'clock that night, when the pre-siding Judge had the jury brought into the court room, when the following took place :-

" 'At 9 o'clock at night.

" 'Jury brought out.

" 'Court (in the absence of a clerk) : Have you agreed on a verdict?

" 'Foreman : Can't agree.

" 'Court : Is it a matter of law that is your trouble, or is it a matter of evidence?

" 'Foreman: We fail to agree, but we would like to have some more instructions as to the definition as to what is a flowing stream or surface water. I think that hinges the question.

" 'Court : To constitute a watercourse there must be a stream usually flowing in a particular direction, though it need not flow continually. It may be sometimes dry. It must flow in a definite channel, having a bed, sides or banks, but which naturally discharges itself into some stream or body of water. It must be something more than mere sur-

face drainage, over the entire face of a tract, occasioned by unusual freshet or other extraordinary cause.

" 'You will see that it is rather hard to define what is surface water and what is a watercourse. It is hard to say where a stream begins and where it ends, or where a watercourse begins and where it does not begin, and that is about all the assistance I can give you. That is a watercourse that I have tried to explain to you in reading from the books. It must have some definiteness to it, as I gather from the definition. That is the best definition I can give you, that I know of, and I read from the definition for fear I would leave out something by trying to give you my own definition.

" 'Mistrials are not favored by the law. The law expects cases to be ended and trials come to a close. You will notice from the number of witnesses—some expert witnesses— considerable number, which are more expensive than others, that this is a costly case to both sides; in other words, it would be better for both parties to have an ending of the case, and better for the county and country. If you fail, some other twelve jurors would have to assume the responsibility upon their shoulders by your failure to agree. There is no assurance that another twelve men that may try this case would be able more than this jury to reach a verdict; therefore, you see that it is very desirable that there should be an end to all litigated cases.

" 'Now, as I stated, it is very desirable that this case should be ended, and I realize that there are some cases and some jurors that it is next to an impossibility for them to agree, but that is unfortunate.

" 'As I stated to you, it is not supposed that twelve men, after hearing a case, are all of one mind. Now, I am going to ask you to try some more, and examine yourselves in your own opinions and see whether or not there is not some bias, one way or the other, that should not be there. Commune with yourselves; in other words—I know it is human nature, and sometimes we are biased and don't know it.

" 'You men return to your room, gentlemen, and when you agree knock on the door and the sheriff will let you out, or rather send for me and we will let you out. You can get out by knocking at the door.'

"Jury retired and at 9 :50 o'clock returned verdict as follows :

" 'We find for the plaintiff five hundred dollars, actual damages.'

"In this charge, at the request of the jury, the presiding Judge did not enlarge upon the charge already given, but simply repeated what had already been said to them in reference to obstructing watercourses, but undertook to explain to the jury the necessity for finding a verdict.

"It is submitted that the presiding Judge erred in this, and, after the jury had deliberated so long, the result of the statements to the jury by the presiding Judge was prejudicial to the defendant, because they found a verdict almost immediately after retiring against the defendant, the error being as follows :

"In telling the jury that the expert witnesses were more expensive than others, and that it was costly to both sides, and that it would be better for both sides to have an ending of the case, and better for the county and country; in that the trial of the case was to evoke from the jury a verdict which would be just to both parties, and the question of expediency or cost could not enter into it; and the question of expediency or cost should not have been submitted to the jury to influence their judgment one way or the other.

6. "There was error in not granting a motion for a new trial, and particularly upon the first and second grounds submitted, viz. :

"In substance, there was no proof that there was any natural watercourse; or, failing in this, the absolute and overwhelming testimony was that there had not been an obstruction of a natural watercourse; the error being that the presiding Judge confounded the obstruction of a

natural watercourse with the obstruction of surface water, and in his refusal to grant the motion for a new trial erred as a matter of law, as evidenced by his holding, viz.:

"That there was evidence enough as to surface water, and as to a natural watercourse; whereas, as a matter of law, it is submitted that there could be no recovery in this case for negligent obstruction of surface water; and in holding that there are some cases in which a man can recover for the negligent obstruction of surface water; whereas, there is no such authority in this State; but, on the contrary, the law of this State is that the defendant owed the plaintiff no duty as to surface water, or its negligent obstruction, and the verdict of the jury must have been based upon the negligent obstruction of surface water.

7. "Because there was error on the part of the presiding Judge in refusing to permit the defendant to introduce in evidence the order of Judge Dantzler, sustaining the first demurrer interposed, as it contains admissions of record against the plaintiff pertinent to the issue, viz.:

"Among other admissions, the admission that the plaintiff showed nothing but the obstruction or damming up of surface water, which was not actionable, and this admission should have gone before the jury as a matter of evidence, tending to show that at the time of the commencement of the action the plaintiff himself regarded the act of the defendant as only throwing back surface water upon his land, controverting the position taken by him that a natural watercourse had been negligently obstructed."

From judgment on verdict for plaintiff, defendant appeals.

*Messrs. Joseph F. Rhame* and *Purdy & O'Bryan,* for appellant. *Messrs. Purdy & O'Bryan* cite: *New trial should be granted for giving inconsistent instructions:* 81 S. C. 233. *Obstructing flow of surface water:* 83 S. C. 319; 54 S. C. 243; 39 S. C. 472; 21 L. R. A. 593; 61 S. C. 548.

*Mr. Charlton DuRant,* contra, cites: *Appellant must show prejudicial error:* 66 S. C. 394. *Where jury was charged erroneously and then correctly so that they were not mislead, there is no prejudicial error:* 40 S. C. 92, 18 S. E. 687.

January 7, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, on account of the overflowing of his lands by the defendant.

The jury rendered a verdict in favor of the plaintiff for $500.00, actual damages, and the defendant appealed upon exceptions, which will be incorporated in the report of the case.

The appellant's attorneys did not argue the first exception and therefore it might very properly be considered as abandoned; but waiving such objection, it cannot be sustained, as it is without merit.

The second and third exceptions will be considered together.

The second exception assigns error, in that his Honor the presiding Judge charged the jury, as follows:

"The railroad has a right to obstruct any kind of watercourse, natural or artificial, in the construction, maintenance, operation and repairs of its roadbed, if it does this in a way that is not negligent, as I will define negligence to you later on."

And, the third exception assigns error, in charging the following request, submitted by the plaintiff's attorneys:

"The defendant, railroad company, has a right to obstruct the flow of watercourses and of surface water, provided its road is not negligently constructed; but if the road is negligently constructed, and as a result of this negligence, water is dammed up and thrown back on the plaintiff's land, and injures it, the defendant is liable for such injuries."

In the case of *Lawton* v. *Ry.*, 61 S. C. 548, 39 S. E. 752, that great jurist, Mr. Chief Justice McIver, thus states the rule in this State, as to surface water:

"The obstruction of the flow of surface water, and the waters of a *natural watercourse,* are two distinct and very different things, and are attended by entirely different consequences. The former is not actionable while the latter, if resulting in damage to an adjoining land proprietor is actionable. In this State, at least, it is well settled, that the common law rule prevails, and that surface water is regarded as a common enemy, which each landed proprietor may keep off his own premises, event though, by so doing, he may throw or keep it on his neighbors premises." (Citing *Edwards* v. *Ry.*, 39 S. C. 472, 18 S. E. 58, 22 L. R. A. 246; and *Baltzeger* v. *Ry.*, 54 S. C. 242, 32 S. E. 358.)

In a note to the case of *Gray* v. *Williams,* 21 L. R. A., on page 593, the rule of the common law is thus stated: "The gist of the so-called common law rule is, that one may do as he pleases with his property, regardless of the effect upon surface water. This rule recognizes the right of each proprietor to fight surface water. *Jones* v. *Hanover,* 55 Mo. 462. And the result is that, if carried to its ultimate conclusion, it simply means that the Courts, will recognize no wrong, in any action undertaken, for the purpose of getting rid of surface water, so that neither its detention, diversion, nor repulsion, is an actionable injury, even though damage ensue. *Bowlsby* v. *Spear,* 31 N. J. L. 351, 86 Am. Dec. 216."

The foregoing language is quoted with approval in *Baltzeger* v. *Ry.*, 54 S. C. 242, 32 S. E. 358.

There are only two exceptions to the rule, that surface water being a common enemy, every landowner may use such means as he may see fit, in dealing with it: (1) "It is subject to the general law in regard to nuisances, if its accumulation has become a nuisance *per se,* as for example, whether it has become dangerous at all times, and under all

circumstances, to life, health, or property." *Baltzeger* v. *Ry.*, 54 S. C. 242, 32 S. E. 358, and (2) It is an actionable injury, for a person to collect surface water, into an artificial channel, and cast it on another's land, in concentrated form. *Brandenburg* v. *Zeigler*, 62 S. C. 18, 39 S. E. 790, 55 L. R. A. 414; and *Cain* v. *Ry.*, 62 S. C. 25, 39 S. E. 792.

There are expressions in the case of *Edwards* v. *Ry.*, 39 S. C. 472, 18 S. E. 58, which seemingly recognize the principle, that the right of a landed proprietor, to deal with surface water, is dependent upon the absence of negligence, on his part; but the language of the Court in *Baltzeger* v. *Ry.*, 54 S. C. 242, 32 S. E. 358, explanatory of the doctrine announced in the Edwards case, shows that a person dealing with surface water on his own land, is not bound to exercise reasonable care, with regard to the rights of other landowners.

The ruling of the presiding Judge was unquestionably erroneous, but the respondent's attorneys contend, that the error was not prejudicial, as the Circuit Judge afterwards charged the jury, at the defendant's request, as follows: (1) "The railroad company is not liable for obstructing by embankment, or otherwise, the flow of surface water," and (2) "The railroad company has the right, to obstruct the flow of surface water, and if at the point in question, it has obstructed the flow of surface water, and such is only surface water, then Mr. Touchberry cannot recover in this action."

The case was submitted to the jury, when the Court took a recess for dinner, and at 9 o'clock p. m. the presiding Judge had the jury brought into the court room, and the record shows that the following took place:

"Court (in the absence of the clerk) : Have you agreed upon a verdict?

"Foreman: Can't agree.

"Court: Is it a matter of law that is your trouble, or is it a matter of evidence?

"Foreman: We fail to agree, but we would like to have some more instructions, as to the definition as to what is a flowing stream or surface water. I think that hinges the question."

The presiding Judge then charged the jury as requested, and at 9:50 o'clock, they rendered a verdict in favor of the plaintiff for, $500 actual damages.

The only reasonable interpretation of the request made by the jury is, that they properly understood that the element of negligence, was inapplicable to surface water; otherwise it would have made no difference, whether the water obstructed was surface water, or a natural watercourse. Their question shows that their only difference was, as to the law defining a natural watercourse and surface water; and, it will be observed, that they agreed upon a verdict, as soon as the presiding Judge charged them again, in this respect.

These exceptions must be overruled.

What has just been said, disposes of the fourth exception.

The fifth exception cannot be sustained, for the reason that the conduct of the trial, must, necessarily, be left to the sound discretion of the presiding Judge, which it has not been made to appear, was abused in this case.

We proceed to the consideration of the sixth exception.

Without undertaking to point out the particular testimony, sustaining the allegations of the complaint in this respect, this Court is satisfied, that the motion for a new trial, was properly refused.

The seventh exception must be overruled, for the reason that even if there was error, the appellant has failed to satisfy us, that it was prejudicial.

Affirmed.