· 8814

CANNON v. ATLANTIC COAST LINE R. R. CO.

(81 S. E. 476.)

WATER AND WATERCOURSES. SURFACE WATERS. PLEADINGS. PRESCRIPTION. ADVERSE USER.

1. A complaint alleging the destruction of plaintiff's crops through flooding caused by the negligent construction of a railroad in not providing means sufficient to drain water from the land in the vicinity, but from which it appears that it was the surface water, and not the water from any natural watercourse, which caused the damage, does not state a cause of action.

2. An allegation that ditches obstructed by the construction of a railroad had been used to drain the lands occupied by plaintiff for more than 20 years is not sufficient to establish a prescriptive right to the use of such ditches without an allegation that the user was adverse.

FOOTNOTE—On the question of obstruction of surface water as element of damages in eminent domain proceedings for a railroad right of way, see note in 13 L. R. A. (N. S.) 237.

Before BOWMAN, J., Charleston, October, 1913. Affirmed.

Action by F. S. Cannon against the Atlantic Coast Line Railroad Company. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed, with leave to plaintiff to apply for permission to amend his complaint.

Paragraphs 3 and 4 of the complaint are as follows:

"(3) That heretofore, in the year 1912, the plaintiff had in cultivation a crop of cabbage containing about 25 acres, near Meggetts, upon which he had planted cabbage, for sale as aforesaid, and that such plantation upon which said cabbage was planted was rented or leased by him for that purpose, and that said land upon which said cabbage was planted as aforesaid, adjoins the right of way of the defendant company, and at which point it has an embankment constructed; and the plaintiff alleges that during the spring of 1912 he was so engaged in raising a crop of cabbage on said plantation, and that the defendant, by backing the water on said cabbage, caused the same to be injured, damaged and ruined by reason thereof, so that he received no yield from the said crop, in that the defendant had a trunk under its railroad track to carry off the water from said plantation and the surrounding territory, which was drained by means of ditches, and that said water passed through said trunk, and the plaintiff alleges that said trunk was ever since its construction insufficient to carry off the volume of water at the point where the plaintiff was planting, and that, in consequence of such defective and insufficient trunk, the water was caused to be backed and thrown upon the land upon which the plaintiff planted said crop of cabbage.

"(4) That for more than 20 years the ditches as aforesaid were used to drain the lands and to carry off the water of the surrounding territory, including the place upon

which the plaintiff planted his cabbage, and was so in use before the said railroad was constructed, and that, when the defendant built its railroad, it constructed a trunk in order not to stop the flow of water through said ditches, which had been used for a long time for the purpose of draining the land in that vicinity; but the plaintiff alleges that said trunk was insufficient for the purpose, and, in consequence thereof, the natural flow of the water was obstructed to such an extent that the same was backed and thrown upon the said lands, so occupied by the plaintiff, whereby the said cabbage crop was injured and ruined as aforesaid. That the said defendant negligently and carelessly constructed an insufficient trunk at the time of the building of the said road, and has continued since that time negligently and carelessly to allow an insufficient trunk to remain for the purpose of carrying off the water conducted through said ditches into said trunk, and that the defendant recognized the necessity of constructing said trunk, and knew or should have known that the same was defective or insufficient to convey and carry off the water for the purpose of draining the lands in the vicinity of its railroad at the point above mentioned."

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that:

(1) The only inference to be drawn from the facts alleged in the complaint is that the water alleged to have been backed upon plaintiff's land was surface water, the obstruction of the flow of which defendant had a right to protect itself against, and which could form the basis for no cause of action.

(2) Because surface water is regarded as a common enemy which each one may keep off his own premises even though by so doing it is thrown or kept on the land of another.

Because there is no allegation that a stream or water-course has been obstructed by defendant; there is no allegation that a stream flowing in a particular direction was obstructed; there is no allegation that there was any well-defined bed or channel or banks of the water which was obstructed, and through which it was accustomed to flow; there is not a single allegation from which an inference could be drawn that the water in question was the water of a natural watercourse.

*Mr. W. A. Holman,* for the appellant, cites: 61 S. C. 554.

*Mr. W. Huger Fitzsimons,* for the respondent, cites: *Surface water:* 87 S. C. 415; 83 S. C. 314; 61 S. C. 548; 54 S. C. 242; 62 S. C. 18; 39 S. C. 472. *Easement by prescription:* 69 Am. St. Rep. 385; 52 N. E. 1008; 85 S. C. 6; 40 Cyc. 649; 73 N. E. 904; 6 L. R. A. (N. S.) 155; 71 S. C. 157; 83 S. C. 317; 34 S. C. 62; 85 S. C. 442; 67 S. C. 499.

April 22, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Paragraphs 3 and 4 of the complaint, together with the grounds of demurrer, will be incorporated in the report of the case.

In the case of *Lawton* v. *Railway,* 61 S. C. 548, 39 S. E. 752, where the allegations of the complaint were similar to those now under consideration, the rule as to surface water was thus stated: "There is no allegation that there was a 'stream usually flowing in a particular direction,' nor is there any allegation that the water obstructed flowed 'in a definite channel, having a bed, sides,

or bank,' nor is there any allegation that there was 'any well-defined bed or channel with banks,' through which the water obstructed was accustomed to flow; and this, as said, 'is essential to the existence of a watercourse.' Indeed, there is not a single fact alleged from which an inference could be reasonably drawn that the water in question was the water of a natural watercourse. On the contrary, the irresistible inference from the facts stated in the complaint is that the water obstructed was nothing but surface water, which was drained from plaintiff's land by the ditch, a mere *artificial* channel. No lapse of time could invest such a channel with the characteristics of a natural watercourse. Looking at the complaint alone, it would seem that the gravamen of the plaintiff's claim is the filling up of the ditch referred to in the fourth paragraph of the complaint. If so, there is no allegation that the ditch or any part thereof was on the plaintiff's land, nor is there any allegation that the plaintiff had, either by grant or prescription, acquired the right to use such ditch as a means of draining his lands; and therefore the filling up the ditch would not afford him any cause of action."

The case of *Touchberry* v. *Railway,* 87 S. C. 415, 69 S. E. 877, shows that the principle is the same whether the roadbed was negligently constructed or not.

The appellant's attorneys do not dispute these principles, but contend that the allegations of the complaint are sufficient to show that the plaintiff had acquired a right by grant or prescription.

The complaint in the case of *Lawton* v. *Railway,* 61 S. C. 548, 39 S. E. 752, alleged that the defendant railroad caused an embankment to be erected, and a ditch to be filled, which had been used for a period of 30 or 40 years, and, by the erection of said embankment and filling of said ditch, had cut off the natural drainage of a large part of plaintiff's lands, whereby he was damaged in the sum of $1,000. In discussing this allegation, the Supreme Court

said: "There is no allegation of any fact tending to show that the plaintiff had acquired, either by grant or prescription, the right to use the ditch as a means of draining his lands, for there is no allegation of any *adverse* use, made either by plaintiff or any one else, of the said ditch for that purpose, and certainly a ditch—a purely *artificial* channel cannot with any propriety be regarded as a, natural watercourse. We do not think, therefore, that there was any error in sustaining the demurrer."

That case is conclusive of the question under consideration. After using the language just quoted, the Court proceeded as follows: "But this Court is always reluctant to dismiss a complaint for the want of allegations necessary to show that plaintiff has a cause of action, especially where, as in this case, there is a manifest omission in the complaint. For while it is true that cases must be decided upon the facts as they appear in the record, and, if there is any omission, inadvertent or otherwise, in such record, it is incumbent upon the appellant to supply the same before the case is submitted for hearing, yet, recognizing the fact that any person, even the most careful, is liable to make mistakes or omissions, we are disposed to allow the appellant an opportunity, if he can, to repair such faults. To this end we will allow the appellant an opportunity to apply to the Circuit Court for leave to amend his complaint, if he shall be so advised."

A similar opportunity should be afforded the plaintiff in this case.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed, with leave, however, to the plaintiff to apply to that Court for permission to amend his complaint, provided that such application be made as soon as practicable after the remittitur is filed in that Court.