13241

FAIREY v. SOUTHERN RAILWAY CO.

(160 S. E., 274)

*Messrs. Adam H. Moss, P. F. Haigler* and *Frank G. Tompkins,* for appellant,

*Messrs. E. H. Blackmon* and *E. C. Mann,* for respondent,

September 14, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action for $2,500.00 damages alleged to have resulted from injury to the plaintiff's crops by reason of the construction and maintenance of an embankment which caused surface water to be dammed and thrown back upon the land in possession of the plaintiff as a tenant.

The statement contained in the transcript and the testimony shows that the land in the possession of the plaintiff is bounded on the south by the right-of-way of the railway company; the right-of-way at this point extends 100 feet from the center of the track which is supported by an embankment about 4 or 5 feet high; the company has owned this right-of-way since 1824 and the embankment in its present condition has been daily used as a roadbed ever since; the natural slope of the land is toward the right-of-way, and adjoining the right-of-way are several low places or wet weather ponds; the company has installed a ditch entirely upon its right-of-way running from a point near the low

place referred to about 700 or 800 feet toward the west and emptying into a boggy drain which forms a small lake, quite beyond the boundary of the land in possession of the plaintiff; it appears that the drain was not sufficient to carry the water in time of heavy rainfall, and the consequence is that the embankment has caused a damming up of the water upon the right-of-way opposite to the plaintiff's land forcing the surface water back upon his land which has caused the damage complained of.

The case was tried before his Honor, Judge Moss, of the County Court of Orangeburg County, and at the close of the testimony for the plaintiff the defendant moved for a nonsuit upon the ground that whatever damage resulted to the plaintiff was caused by the throwing back of surface water for which no action will lie, except (a) where its accumulation has become a nuisance *per se,* or (b) where the surface water has been collected into an artificial channel and cast in concentrated form upon another's land; that there is no allegation in the complaint and no testimony adduced bringing the case within either of these exceptions. The motion was refused.

At the close of all the testimony there was a motion for a directed verdict in favor of the defendant upon the same grounds. This also was refused.

The case was submitted to the jury, and a verdict resulted for the plaintiff for $300.00 actual damages and $100.00 punitive damages. From the judgment entered upon this verdict the defendant has appealed raising the same questions as in their motions referred to.

It seems impossible to differentiate this case from the many cases decided by this Court holding that surface water is a common enemy which the lower proprietor may fight in any way practicable to keep it from his land. *Edwards v. R. Co.,* 39 S. C., 472, 18 S. E., 58, 59, 22 L. R. A., 246, 39 Am. St. Rep., 746; *Brandenberg v. Zeigler,* 62 S. C., 18, 39 S. E., 790, 55 L. R. A., 414, 89 Am. St. Rep., 887;

*Baltzeger v. R. Co.,* 54 S. C., 242, 32 S. E., 358, 71 Am. St. Rep., 789; *Lawton v. R. Co.,* 61 S. C., 548, 39 S. E., 752; *Touchberry v. R. Co.,* 87 S. C., 415, 69 S. E., 877; *Cannon v. R. Co.,* 97 S. C., 233, 81 S. E., 476; *Rivenbark v. R. Co.,* 124 S. C., 136, 117 S. E., 206, 208.

In the *Edwards case,* above, we find this language: "Under the common-law rule, surface water is regarded as a common enemy, and every landed proprietor has a right to take any measures necessary to the protection of his own property from its ravages, even if, in doing so, he throws it back upon a coterminous proprietor, to his damage, which the law regards as a case of *damnum absque injuria,* and affording no cause of action."

And in the *Baltzeger, Touchberry* and *Cannon cases,* above, this Court, explanatory of the doctrine announced in the *Edwards case,* held that a person dealing with surface water on his own land is not required to exercise even reasonable care with regard to the rights of other landowners, and, following this principle, this Court, in Rivenbark, above, quotes with approval the following: "The gist of the so-called common-law rule is that one may do as he pleases with his property, regardless of the effect upon surface water. This rule recognizes the right of each proprietor to fight surface water. *Jones v. Hannovan,* 55 Mo., 462. And the result is that, if carried to its ultimate conclusion, it simply means that the Courts will recognize no wrong in any action undertaken for the purpose of getting rid of surface water, so that neither its detention, diversion, nor repulsion is an actionable injury, even though damage ensue."

The complaint, construed in the light of the foregoing authorities, states no cause of action whatsoever. All that can possibly be claimed for it is that it seeks to recover damages for backing surface water upon crops of plaintiff.

In *Rivenbark v. R. Co.,* 124 S. C., 136, 117 S. E., 206, 208, the Court said: "There are only two exceptions to the rule that surface water, being a common enemy, every land-

owner may use such means as he may see fit in dealing with it: (1) 'It is subject to the general law in regard to nuisances, if its accumulation has become a nuisance *per se*, as, for example, whether it has become dangerous at all times, and under all circumstances, to life, health, or property.' *Baltzeger v. Railway,* 54 S. C., 242, 32 S. E., 358 [71 Am. St. Rep., 789]; and (2) it is an actionable injury, for a person to collect surface water, into an artificial channel, and cast it on another's land, in concentrated form."

The respondent cites the case of *Garmany v. R. Co.,* 152 S. C., 205, 149 S. E., 765, as sustaining his contention. In that case the action was for damages alleged to have resulted from the discharge of surface water from a pond by means of a ditch and casting it upon plaintiff's land; there is no such situation in the case at bar.

The conclusion is irresistible therefore that the defendant was entitled to have its motion for a directed verdict granted.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for the entry of judgment in favor of the defendant under Rule 27.

MR. JUSTICE CARTER concurs.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur in result.