## HILL v. LAURENS COUNTY.

1. DAMAGES—MUNICIPAL CORPORATION.—A municipal corporation is liable to a civil action for damages sustained by reason of its failure to perform some duty required of it by law, only where the statute imposes such liability.

2. IBID.—HIGHWAYS.—Where a highway is diverted for a distance of 150 yards by an overseer of road workers at the request of the neighbors, without pursuing the mode prescribed by statute, a person who, while travelling on this new road, is injured by reason of its improper construction, has no cause of action against the county for damage done to him "through a defect in the repair of a highway," as this road was not a highway.

3. COUNTY—ESTOPPEL.—Even if this overseer could be regarded as the agent of the county, there would be no estoppel against the county.

Before WALLACE, J., Laurens, September, 1890.

This was an action by B. F. Hill against Laurens County. See *Hill* v. *Railway Company*, 31 S. C., 393. The Circuit Judge granted defendant's motion for a non-suit "on the grounds that the place where plaintiff was injured was not a highway, and that, if it had been, there is no evidence of negligence on the part of the defendant." In granting this order, his honor said:

For time out of mind this has been a highway from Laurens in the direction of Hamburg. It was so in 1868, when the present constitution was adopted. That constitution provided new methods, and a law was passed in pursuance of it, by means of which highways should be laid out and worked, indicating the authorities that had power to do it. The statutes make it criminal for anybody else to go to work to change it from a highway. Now, my recollection is, and I caught, I thought, as the counsel was reading, that anybody who deflects a highway from its estab-

lished course, changes its direction, puts it in a new place, is guilty of a criminal act. It is the business of the county commissioners to indict him for doing it. Now, the proof here is, that this part of the road was deflected from the original highway. There is no proof that it was authorized by the county commissioners, they having the power to do it, and nobody else in the county having any such authority. The county commissioners cannot have an agent in the sense in which the act of an agent will bind the county. They have only delegated authorities themselves, and unless expressly authorized by statute, they cannot delegate any authority that they have to anybody. So, generally speaking, they cannot have an agent, and the statute provides that anybody who deflects the road without the authority of the county commissioners, is guilty of a criminal act, and it is the duty of the county commissioners to indict them for doing it.

The county commissioners alone have the right to deflect highways or to establish new ones, and it is only in such cases, says the constitution of 1868, where highways have been deflected by authority of the county commissioners, that the road becomes a highway in the sense in which that term is used in the statute. It is not a highway otherwise. It is a monument of a crime. That is all it is, and, of course, for any defect in the repair of such a road as that the county commissioners and the county cannot be held responsible. Now, here the testimony is that this road was built by Mr. Moore and the road hands under his control, and by the concurrence of the neighborhood. Not one word is said that the county commissioners, as such, ever had any participation in the deflection of that road at all, ever ratified the act, ever had any knowledge that it was done—no participation upon that point at all. I am obliged to hold that when the State declares that any injuries inflicted by reason of defects in the repair of a highway is a ground of recovery against the county, it cannot apply to this road, because the evidence, so far from making it a highway, proves that it was not a highway, and the statute only relates to a highway. The proof of the plaintiff is that this is not a highway, as I have already said; that it is a monument of a crime under the statute law of the State, and therefore, of

course, that statute cannot apply to it.    I am obliged, therefore, to grant the motion.

Now, as to the matter of contributory negligence, I could not consider that, even if it should appear from the testimony of the plaintiff, because that would be to consider the force and effect of testimony, which the judge cannot do, and the jury must consider that.    But as I have already said, I think there is proof on the part of the plaintiff that this is not a highway, and therefore the statute cannot apply to it.    And any injury on account of a defect in the repair of that road is not actionable under that statute.    The non-suit is therefore granted.

Plaintiff appealed on the following grounds : I. Because his honor, Judge Wallace, erred in holding that there was no evidence showing that the place at which the plaintiff was injured was a highway.    II. Because he erred in not holding that the road upon which plaintiff was injured was accepted and adopted by the proper authorities of the county as a highway, as appeared by the evidence adduced.    III. Because he erred in not holding that the testimony adduced showed that the place where plaintiff was injured was a mere deflection of the highway upon which he was travelling, which did not destroy its identity.    IV. Because he erred in holding that a slight deflection in a highway from necessity must be formally accepted and established as a highway by the proper authorities in order to preserve its identity.    V. Because he erred in holding that there was no testimony to show negligence on the part of the county commissioners, and in making this one of the grounds of non-suit.    VI. Because he erred in not holding that there was sufficient testimony to go to the jury, and in granting the non-suit.

*Mr. F. P. McGowan,* for appellant.

*Mr. H. Y. Simpson,* contra.

June 17, 1891.    The opinion of the court was delivered by

MR. JUSTICE MCIVER.    This was an action to recover damages for an injury sustained by the plaintiff while travelling along

an alleged public highway in Laurens County, leading from the town of Laurens to the town of Hamburg. It seems that the recognized public highway between those two points, after the construction of the Port Royal and Western Carolina Railroad in 1884, passed under a trestle on said railroad, and that the highway at that point becoming very rough in the summer of 1886, a new road was cut out, at the suggestion of the neighbors, which left the public highway some seventy-five yards before reaching the trestle, and passing under the trestle at a point some twenty-five or thirty yards below, again joined the public highway about seventy-five yards beyond the trestle, and that in passing under the trestle by this new road a very sharp turn had to be made, which seems to have been, in large part at least, the main cause of the accident complained of.

There was no evidence that this new road was opened by any authority from the county commissioners, or that it was ever known to them. No special commissioners were appointed, as required by the act of 1883, which will hereafter be referred to, and no notice given to the railroad company or to any one else that such new road was to be opened, or that such change was to be made in the recognized public highway. But the overseer of the road hands, at the instance of the neighbors, undertook to make this change in the public highway without any authority, so far as appears. It does appear, however, that in 1888, after the accident complained of had occurred, the public highway was changed by the authority of the board of county commissioners, which, it seems, avoided the difficulty of passing under the trestle.

At the close of the plaintiff's testimony, defendant moved for a non-suit, upon the ground that there was no evidence that the road upon which the accident occurred was a highway. The motion was granted by his honor, Judge Wallace, and the plaintiff appeals upon the several grounds set out in the record.

Under the view which we take of this case, it will not be necessary to consider in detail the several grounds of appeal. Inasmuch as it is well settled, in this State at least, that 1 a municipal corporation is not liable to a civil action for damages sustained by reason of its failure to perform any of the duties imposed upon it by law, in the absence of a statute

imposing such liability (*Young* v. *City of Charleston*, 20 S. C., 116; *Chick* v. *Newberry County*, 27 S. C., 419), it is quite clear that we must look alone to the statute to ascertain whether such a corporation is liable in a given case.   Our statute upon this subject is to be found in section 1087 of General Statutes, which reads as follows: "Any person who shall receive bodily injury or damage in his person or property through a defect in the repair of a highway, causeway, or bridge, may recover, in an action against the county, the amount of damages fixed by the finding of a jury."   It is very obvious, therefore, that the plaintiff could not recover in this case unless he showed that the injury of which he complains occurred "through a defect in the repair of a highway."   We agree with the Circuit Judge that the plaintiff not only failed to offer any evidence tending to show this, but, on the contrary, his own evidence shows that the injury was caused by a defect in a road which was not a highway—a road which was not laid out by any competent authority, and over which the defendant corporation, through its recognized agents, the county commissioners, could exercise no control, and hence the corporation cannot be held responsible for any defects in its condition.

The act of 1883, above alluded to (18 Stat., 631), expressly provides: "That the boards of county commissioners of the several counties within this State be, and the same are hereby, authorized and empowered, upon the petition of twenty freeholders interested therein, to appoint three special commissioners and employ a surveyor, whose duty it shall be to lay out or change the location of public highways in those cases where said county commissioners shall be satisfied that the road applied for is important for the convenience of travel and benefit of commerce." This act, after prescribing the mode of proceeding, &c., concludes with a section expressly repealing all acts and parts of acts inconsistent therewith.   This, so far as we are informed, is now the only law prescribing the mode of laying out a new highway or *changing the location* of one previously laid out.   Hence where any one undertakes to change the location of an existing highway without conforming to the mode prescribed by law, such change is not only illegal and without authority, but by the pro-

10—34

vision of section 1070 of the General Statutes he subjects himself
to a suit at the instance of the county commissioners.   It is
clear, therefore, that when Moore, the overseer of the road
hands, at the instance of some of the neighbors, undertook to
change the location of the previously existing highway, his act
was not only without lawful authority, but subjected him to a
penalty.   There is not only no evidence tending to show that the
county commissioners either knew of or much less approved the
change in the location of the existing highway ; but the contrary
may be inferred from the fact that when the location was changed
in 1888 by their authority, a different route was selected from
that which had been adopted by Mr. Moore.   But even if it
could be assumed that the county commissioners knew of and ap-
proved the change made by Moore, that would not make it lawful,
unless it also appeared that the mode prescribed by the act of
1883 had been pursued.   The position taken by the appellant's
counsel that the defendant is estopped by the act of Moore,
certainly cannot be sustained ; for even if Moore could be
regarded as the agent of the defendant corporation, it is quite
clear from the case of *Chick* v. *Newberry County*, 27 S. C., 419,
*supra*, that no estoppel would arise.

We agree therefore with the Circuit Judge that the injury sus-
tained by plaintiff having occurred from an alleged defect in a
road which was not a highway, he has no cause of action against
the defendant.

The judgment of this court is, that the judgment of the Cir-
cuit Court be affirmed.