BRAMLETT v. CITY OF LAURENS.

1. TORT—MUNICIPALITY—DAMAGES.—In absence of statutory provision, a municipality cannot be sued for damages arising from a tort. (Changing a street.)

2. LAURENS—STREETS.—Act incorporating city of Laurens (20 Stat., p. 925), only provides compensation to adjoining landowner for opening new street or way through his lands, but not for changing old street. *Wilkins* v. *Gaffney City,* 54 S. C., 199, *distinguished from this.*

3. IBID.—IBID.—Is individual changing grade of street in Laurens liable to adjoining landowner for damages?

Before BUCHANAN, J., Laurens, February, 1900. Affirmed.

Action by A. W. Bramlett *v.* City of Laurens for damages to adjoining lot occasioned by changing street. From order sustaining demurrer, plaintiff appeals.

*Messrs. Ball, Simkins & Ball,* for appellant, cite: 20 Stat., 930; 54 S. C., 199; 53 S. C., 82, 575; 38 Am. Dec., 173.

*Messrs. T. P. McGowan* and *W. R. Richey,* contra, cite: 99 U. S., 635; 53 S. C., 575; 20 S. C., 118; 19 S. C., 412; 48 S. C., 553; 20 Stat., 925; Rev. Stat., 1171; 11 Rich., 245; 5 Rich., 597.

June 27, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. As the appeal herein is from an order sustaining demurrer to the complaint, it will be necessary to set it out; it is as follows: "The plaintiff complains and alleges: I. That the plaintiff at and before the time hereinafter mentioned was the owner of a lot on Harper street, with the dwellings and buildings thereon, in the city of Laurens. II. That the city of Laurens is a municipal corporation, organized under the laws of the State of South Carolina, with power to sue and be sued. III. That formerly for more than twenty years, and for time immemorial, a sidewalk, suitable and convenient for pedestrians, existed and was maintained on the eastern side of the said street, of which street it is part, and that the lot of said defendant was immediately adjacent to and abutted upon said sidewalk, and that access to the said sidewalk from the said lot was easy and unobstructed, as well as access across it by horses and vehicles to that part of the street traveled by horses and vehicles. IV. That the plaintiff was and is entitled to easy and unobstructed access, both to the sidewalk of the said street and to that part used for travel by horses and vehicles. V. That during the year 1898 the defendant, through its officers and servants, changed and altered the said street, without the consent of the plaintiff and against his will, destroying said sidewalk and building a new sidewalk in another part of the street, building the said new sidewalk a considerable height above the level of the old sidewalk and above the level of plaintiff's lot, thus rendering the new sidewalk difficult and inconvenient of access, and rendering

access from the said lot to that part of the street used by horses and vehicles impracticable. VI. That the said alterations and changes in the said street were made by the defendant negligently and without reasonable care and skill, to the injury of the plaintiff, and in wanton disregard of the rights of the plaintiff. VII. That the said changes and alterations in the said street greatly injured and impaired the appearance of .the said lot, thereby diminishing its value. VIII. That the .defendant elevated and thereby altered the grade of that part of the street used for horse and vehicle travel, without the consent of the plaintiff and against his will, rendering impracticable his access thereto. IX. That by the changes and alterations in the said street by the defendant, and by the negligent manner in which they were made, without reasonable care and skill, the defendant has been damaged five hundred dollars."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in the following particulars: "I. In that the action is predicated upon a claim for consequential damages, alleged to have been caused by the grading of the public street and sidewalk, within the limits of said street, and that no right of action exists at law for said alleged damage in the absence of any statute to that effect, and there is no statute giving such right of action in this State. II. Because the charter does not give any right of action for damages which any abutting landowner may sustain in consequence of work or repairs done upon the public streets by the municipal authorities. III. Because no right of action is given against the city of Laurens by any act of the legislature for any damage sustained away from and off the street. IV. Because the complaint does not state the facts connected with the repairs referred to in the complaint, from which any negligence occurred in the raising the grade of the street or sidewalk."

The Circuit Judge sustained the demurrer on the aforesaid grounds, and the appeal herein brings in review the correctness of his ruling. If the complaint states facts sufficient to

constitute a cause of action, it did not arise *ex contractu* but *ex delicto.* A municipal corporation cannot be sued for a *tort,* unless it is made liable by statute, and when this is the case, the statute must provide the remedy, otherwise the action cannot be maintained. *Black v. Columbia,* 19 S. C., 412; *Young v. Charleston,* 20 S. C., 118; *Garraux v. Greenville,* 53 S. C., 575; *Fuller v. Edings,* 11 Rich., 245; *McLaughlin v. R. R. Co.,* 5 Rich., 597.

Section 12 of the act of 1890, 20 Stat., 925, chartering the city of Laurens, contains the following provisions: "The mayor and aldermen have full and exclusive control over all streets, roads and ways in the said city, and it shall be their duty to keep them open and in good repair. They shall have power, with the consent of the adjacent landowner, to close or change all such roads, streets or ways within said city as they may deem conducive to the public convenience, and may sell the freehold of any such street, road or way as they may close, either at public or private sale, as they may deem best. And they shall have power to lay out, adopt, open and keep in repair all such new ways, roads, streets as they may deem necessary for the improvement and convenience of the said city: *Provided,* That they first obtain the consent of the landowners through whose land the same shall run; or if their consent cannot be obtained, that the said street or way be opened in the same way as provided by law for the opening of public roads by county commissioners. And the said city council shall have all the powers over the streets, roads or ways therein, which are now given, or may hereafter be given, to county commissioners over the roads in the several counties, subject, nevertheless, to the limitations herein prescribed." It will be observed that the foregoing section confers upon the mayor and aldermen, first, power, with the consent of the adjacent landowners, to "close or change" all such streets as they may deem conducive to the public convenience, and to sell the freehold of any street they may "close;" and second, it confers upon the mayor and aldermen power to "lay out, adopt,

open and keep in repair" all such "new" ways as they may deem necessary. There is a proviso which requires that they first 'obtain the consent of the landowners through whose land the same may run, and if their consent cannot be obtained, then the said streets may be "opened" in the same way as provided by law for the opening of public roads by county commissioners. They are only empowered "to open" "new" streets in the same way as provided by law for the opening of public roads by county commissioners. The foregoing act is quite different from that incorporating Gaffney City. The act incorporating Gaffney City (Statute of 1894, 21 Stat., p. 1002), confers upon the city council power to "open" new streets in said town and to "close up, widen or otherwise alter" those in use. That act further provides that if the owners through whose premises such streets run refuse their consent to the action of the city council in "opening, closing up, widening or altering" such streets, the said city council shall have the right to condemn such land according to the provisions of the law of force for condemning land for public use. In construing said act, in *Wilkins v. Gaffney City,* 54 S. C., 199, this Court says: "The intention of the act was to confer upon the abutting landowners the right to compensation for damages to their property in consequence of opening, closing up, widening or altering the streets. The right to condemn according to the provisions of the law impose the corresponding duty to render compensation for the damages sustained. The provisions of the law for condemning land for public use, show that compensation must be made to the landowners before the highway is established. Rev. Stat., section 1179. It would be both an alteration and a partial closing of the street for the railway company to lay its track through it." Citing *Paris Mountain Water Co.* v. *Greenville,* 53 S. C., 82; *Garraux* v. *Greenville,* 53 S. C., 575. Under the statute incorporating the city of Laurens, compensation is allowed the landowners only when the new street is "opened," while in the statute chartering Gaffney City, compensation is allowed

not only for "opening," but for "closing up, widening or altering" the streets.    As the case herein is not for damages for "opening" the street, plaintiff is not entitled to compensation.    While it is true the statute does not make the municipality liable for damages, it by no means follows that the individuals committing the alleged wrongful act are exempt from liability.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.