## GLOVER v. REMLEY.

RAILROADS—RIGHT OF WAY.—Rev. Stats., 1743 to 1755, providing for obtaining rights of way by railroads, &c., are exclusive of other modes of obtaining compensation for such use, except (1) where the right to compensation has been disputed, and (2) where the owner has neither consented to nor permitted, actually or presumptively, the entry by the corporation for construction.

Before WATTS, J., Colleton, November, 1900. Affirmed.

Action for damages for right of way by Eleanor L.
Glover against Annie W. Remley *et al.,* and the Charleston
and Savannah Railway Co. From order sustaining demur-
rer, plaintiff and defendants except railway company appeal.

*Messrs. Young & Young* and *Howell & Gruber,* for plain-
tiff, appellant, cite: *Life tenant gave right of way, and could
only give title he had:* 16 S. C., 365; 15 S. C., 10, 479.
*Right of plaintiff to compensation is assured her:* 5 and 14
amend. U. S. Con., art. I., sec. 17; art. IX., sec. 20, Con. of
S. C.; Rev. Stats., 1743-1755, 1545; 57 S. C., 317. *Plain-
tiff cannot take initiative under statute, and must seek some
other remedy:* 5 Rich., 599; 11 Rich., 92, 239; 3 S. C., 381;
15 S. C., 476; 16 S. C., 365; 20 S. C., 111; 28 S. C., 388;
16 S. C., 416; 21 S. C., 421; 15 S. C., 10; 35 S. C., 173;
38 S. C., 34; 23 Ency., 143; 25 S. C., 61; 47 S. C., 30; 106
F. R., 554. *Ry. Co. claims the land and denies right to
compensation:* 38 S. C., 308; 59 S. C., 371. *These parties
claiming in remainder are not effected by the statute:* 16 S.
C., 228; 22 S. C., 331; 18 S. C., 572; Woods Lim. of
Actions, 528; Rich. Eq., 361; 2 Rich. Eq., 529; 16 S. C.,
229; 25 S. C., 35, 231; 54 S. C., 394; 59 S. C., 507.

*Messrs. Izlar Bros.,* for defendants, appellants, filed no
argument.

*Messrs. Mordecai & Gadsden,* for Railway Co., respond-
ent, cite: *No allegation that railway did not obtain consent
of life tenant to enter:* 21 S. C., 421; 58 S. C., 537; 37 S. C.,
386. *Statute providing for compensation is exclusive of
all other remedies:* 5 Rich., 597; 15 S. C., 486; 11 Rich.,
245; 4 Wend., 667; 2d Head, 171; 3 Lea., 470; 14 Lea., 56;
32 Ark., 758; 7 Ark., 597; 102 N. C., 381; 59 Pa. St., 23;
58 S. C., 538; 20 S. C., 111; 21 S. C., 420; 16 S. C., 416;
28 S. C., 388.

October 7, 1901. The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES. This is an appeal from an order sustaining a demurrer to the complaint for failure to state facts sufficient to constitute a cause of action. The complaint is as follows:

"1. That the Charleston and Savannah Railroad Company is a corporation under the laws of the State of South Carolina.

"2. That by his will, the late Joseph Glover devised the lands hereinafter described to his son, Francis Y. Glover, for life, and after his death to his, the said Francis Y. Glover's, children, who attained twenty-one years, the issue of a predeceased child to represent the parent. That the said Francis Y. Glover died on the 5th day of October, 1896, leaving one child, Eleanor L. Glover, and five grand-children, the children of his deceased son, Francis Y. Glover, jr.; both said children attained the age of twenty-one years. That the interest which was of Francis Y. Glover is now vested in the defendants other than the Charleston and Savannah Railroad Company.

"3. That the piece of land above mentioned, and alone involved in this litigation, is a strip of land 150 feet wide, beginning at the west bank of the Edisto River, and extending therefrom to the boundary line of the tract of land now or late of the Rev. W. O. Prentiss, 6,282 feet, and containing twenty one 52-100 acres, now in the possession of the defendant, the Charleston and Savannah Railway Company, erroneously styled in the caption of the case the Charleston and Savannah Railroad Company, as a right of way. That the said Charleston and Savannah Railway Company claims and maintains exclusive possession of the said right of way.

"4. That the plaintiff and the defendants, except the Charleston and Savannah Railway Company, are entitled to compensation from the defendant, the Charleston and Savannah Railway Company, for the use of their said lands by the said company, for the purpose aforesaid; the life estate of the said Francis Y. Glover having terminated at his death on the 5th day of October, 1896, and that the possession and

use of the said twenty-one 52-100 acres of said lands for purpose aforesaid are worth a large and considerable sum, to wit: the sum of $21,620, but that no compensation has ever been paid to the plaintiff or to the defendants, other than the said Charleston and Savannah Railway Company, by the said Charleston and Savannah Railway Company, for said strip of land; but the said company has taken the said land used as a right of way as aforesaid to entire exclusion of the plaintiff and the said defendant owners of the same without making any compensation therefor, contrary to the Constitution and laws both of the State of South Carolina and of the United States.

"5. That the defendants other than the said Charleston and Savannah Railway Company, while claiming an equal interest with the plaintiff in the premises, refuse to join the plaintiff in bringing this suit, alleging that they will not join in the costs and expenses thereof, nor render themselves liable for the same in the case.

"Wherefore the plaintiff prays judgment: 1. That the amount of compensation to be paid by the defendant, the Charleston and Savannah Railway Company, to the plaintiff and the defendants, except itself, for the possession and use of the portion of the said lands as a right of way, and for depots and other railroad purposes, be ascertained and fixed by the judgment and decree of this honorable Court, and that said defendant be required to pay the same, to wit: the sum of $21,620, with costs. 2. And that the plaintiff may have such other and further relief in all and singular the premises, as to this honorable Court shall seem mete and agreeable to equity, together with her costs and disbursements."

The demurrer was upon the ground that the complaint was insufficient, inasmuch as the remedy provided by sections 1743 and 1755, Revised Statutes, for obtaining compensation for right of way is exclusive. The Court sustained the demurrer and dismissed the complaint, holding

that he was bound to do so under the case of *Tutt* v. *Railroad Co.,* 28 S. C., 394.

The demurrer was properly sustained. The rule is settled in this State by many decisions that the remedy provided by statute for obtaining compensation for right of way is exclusive, as to all cases falling within its provisions. So far, this Court has decided that there are two cases which do not fall within the statute: (1) where the *right* to compensation is disputed, and (2) where the owner has neither *consented to nor permitted,* actually nor presumptively, the entry by the corporation for construction. *Ry. Co.* v. *Ridlehuber,* 38 S. C., 308; *Cureton* v. *South Bound R. R. Co.,* 59 S. C., 376. It does not appear from anything in the complaint or the record before us, that plaintiff's original right to compensation under the condemnation statutes is disputed. It is alleged that the land is in possession of the railway company, and that said company "claims and maintains exclusive possession of the right of way," and that "said company has taken the said land used as a right of way as aforesaid to entire exclusion of the plaintiff and the said defendant owners of the same, without making any compensation therefor, &c." These allegations may be true and yet be entirely consistent with the taking and use of the right of way by the defendant company subject to plaintiff's right to demand compensation in the time and manner provided in the statute. The complaint does not show that the entry for construction was without the consent or permission of the owner, nor does it show any fact from which the Court could infer that such consent or permission was impossible.

The judgment of the Circuit Court is affirmed.

This case is held up by petition for writ of error to United States Supreme Court.