## JOHNSON v. SOUTHERN RAILWAY.

CONDEMNATION—DAMAGES—NEGLIGENCE—SURFACE WATER.—A RAILROAD COMPANY is not liable at common law, after entry by permission, or where right to compensation is not disputed, for constructing an embankment with due care so near to a dwelling as to obstruct ingress and egress from the premises, and so that trains operated thereon without negligence or wantonness filled the house with smoke, cinders and noise, which rendered the house almost uninhabitable, nor for the surface water thrown back on premises by the embankment, but such damages are included in condemnation.

Before J. E. McDONALD, special Judge, Barnwell, May, 1904. Affirmed.

Action by C. T. Johnson against Southern Railway Co. From order of nonsuit, plaintiff appeals.

*Messrs. Davis & Best, R. C. Holman* and *H. F. Buist,* for appellant. *Messrs. Davis & Best* cite: *As to liability for concentrating surface water:* 62 S. C., 22.

*Mr. L. T. Izlar,* contra, cites: *Plaintiff's remedy was under condemnation statutes:* 38 S. C., 308; 59 S. C., 376;

16—71.

62 S. C., 52. *The action is not good at common law for maintaining a nuisance:* 19 Ency., 1 ed., 862, 923, 924, 925; 23 A. & E. R. R. Cas., 3; 65 Mo., 365; 10 Ohio St., 624; 27 A. & E. R. R. Cas., 415.

March 28, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff appeals from an order of nonsuit. After alleging the corporate existence of the defendant railway company and that plaintiff is owner of the premises described, the complaint further alleges:

"(3) That on or about the      day of December, 1900, the defendant, with force and arms, entered upon the aforesaid lands of the plaintiff, dug up the soil and constructed a side railroad track thereon, connecting its two lines, that is to say, the South Carolina and Georgia with its (defendant's) main line. And the plaintiff further charges that having converted the said lands to its own use, proceeded to and did build a high embankment in front of the plaintiff's residence on said land within five or six feet of his front yard and near his front gate, completely obstructing the road to and from plaintiff's premises, as aforesaid.

"(4) That the said embankment has caused the surface water to collect and flow back upon the plaintiff's front yard in large quantities in a concentrated form, so much so that in rainy seasons it renders plaintiff's front yard almost impassable, and the other lands of plaintiff's surrounding his dwelling absorb the water to such an extent as to render it almost valueless; and the plaintiff further charges that the said track built upon said embankment is used as a 'Y' for the purpose of reversing engines upon and transferring trains from its lines of road, and in doing so the defendant's engines and cars are stopped in front of plaintiff's residence and, together in passing to and fro, the plaintiff and his family are subjected to the continual noise of the train, day and night, to the smoke and cinders from the locomotives to

such an extent that his residence is rendered almost un-habitable, and his aforesaid valuable property rendered almost valueless.

"(5) That the acts of the defendant herein complained of were and are wilful and wanton, and the plaintiff has already been damaged in the sum of $1,999.99."

The Circuit Court, in granting the nonsuit, held that, if the complaint be treated as one for damages incident to the construction of said railroad embankment, plaintiff's remedy was under the condemnation statute; that if the complaint be treated as an action for negligent construction of said embankment and operation of said railroad, no negligence was either alleged or proved; that, with respect to the claim for damages from surface water, alleged to have been caused to flow over plaintiff's land by reason of said em-bankment, there was no evidence to take the case out of the ordinary rule as to surface water and bring it within the rule announced in *Brandenburg* v. *Zeigler*, 62 S. C., 18, 39 S. E., 790, and *Cain* v. *South Bound Railroad Company*, 62 S. C., 25, 39 S. E., 792.

We think the nonsuit was properly granted. The con-demnation statutes allow an assessment not only for the quantity and value of the land which may be required by the railroad company, but for any special damage which the owner may sustain by reason of its construction—sec. 2190, vol. I., Code 1902. This would certainly include the dam-ages resulting from the construction of the embankment in a proper manner. In all cases, except where the right to compensation is disputed, or where the owner has not act-ively or constructively permitted the entry for construction, the remedy afforded by the condemnation statute is exclu-sive. *Glover* v. *Remly*, 62 S. C., 52, 39 S. E., 780. There was no evidence to show that the right to compensation was ever disputed or that the entry was without the permission of plaintiff. The appellant contends, however, that the action was not to recover compensation for the value of the

land, but for the negligent construction of the embankment so as to obstruct ingress to and egress from the premises, so as also to collect surface water and cast it upon the plaintiff's land; and also for the negligent operation of the train, subjecting plaintiff to noise, smoke and cinders. But the complaint does not attempt to allege a case falling within the rules stated in *Wallace* v. *Railroad Company,* 34 S. C., 62, 12 S. E., 815, which allows an action at common law for damages arising from a negligent or unskillful manner in which the railroad is constructed. Where a railroad company, under the statute, has a right to construct its railroad, and has entered with the express or implied permission of the owner, it is not liable as a trespasser to adjacent land owners, under the common law, for the act and result of construction with due care, since the law will not declare that to be a nuisance or trespass which it has authorized. But as the law does not authorize negligence and the condemnation statutes provide no damages for negligence, there is a remedy at common law for damages resulting from a construction done in a negligent manner. The complaint, however, does not allege a negligent construction, but is manifestly based upon an alleged right to recover for damages resulting from the mere construction of the embankment. There was not only no evidence of negligence in the manner of such construction, but on the contrary the plaintiff's own testimony, at folio 67 of the brief, shows that the construction was "nicely and properly" done. It is true, that there was evidence that the embankment, as located, affected injuriously plaintiff's right of ingress and egress, but there was no evidence that the embankment could have been more carefully located and constructed, and there is no doubt that compensation for such damage to right of ingress and egress could have been secured under the condemnation statute. Nor do we find in the evidence anything tending to show that the inconvenience resulting to plaintiff from the noise, smoke and cinders, incident to the operation of the

cars over the track, was the result of any negligence or wantonness on the part of defendant.

With reference to the matter of surface water, there was no evidence that the defendant did anything beyond constructing the embankment for its track in a proper manner. The evidence was to the effect that by reason of the slope in the land surface, the natural drainage of the surface water was over plaintiff's land, and that such drainage had previously been prevented only by the construction, by the town council, of a small ditch which carried the water into Windy Hill Branch, and that said embankment filled said ditch. If any special damage resulted to plaintiff by reason of the construction of the embankment in a proper manner, as already stated, the condemnation statute afforded a remedy. There was certainly nothing in the evidence to take the case out of the rule as to surface water announced in *Edwards* v. *Railroad Company*, 39 S. C., 475, 18 S. E., 58, wherein it was declared that every landed proprietor has the right to take any measures necessary to the protection of his property from surface water, even if in doing so he throws it back upon a coterminous proprietor, and there was nothing in the evidence to make a case within the rule declared in *Brandenburg* v. *Zeigler,* and *Cain* v. *Railroad Company, supra,* wherein it was held that one cannot collect surface water into an artificial channel and cast it upon another's land in concentrated flow.

We have not deemed it necessary to refer to the evidence as to the leakage of water from the defendant's water-tank, as the complaint makes no reference thereto, and the action is based solely upon the result of the construction of the embankment.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *did not sit in this case by reason of illness.*