## GLOVER v. CHARLESTON AND SAVANNAH RAILWAY.

RIGHT OF WAY.—THE CONDEMNATION statutes do not apply to a right of way against remaindermen after death of life tenant for which the railroad company denies compensation, and in which the land owner has not actually or presumptively consented to or permitted entry of the railroad company, but the remedy is by action.

Before KLUGH, J., Charleston, January, 1905.    Affirmed.

Action by Eleanor L. Glover against Charleston and Savannah Railway Co. *et al.*    From order overruling demurrer to complaint, defendant railway company appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *Condemnation is exclusive:* 62 S. C., 52; 38 S. C., 308; 59 S. C., 376; 28 S. C., 388.    *Right to claim compensation belonged to owner at time of construction:* 11 Rich. L., 91; 3 A. & E. R. R. Cas., 201; 26 Vt., 670; 2 Con. Ex., 311; 54 Ga., 293; 118 Ill., 229; 10 Phil., 604; 88 Tenn., 611.

*Messrs. Howell & Gruber* and *Young & Young,* contra, cite: *Remaindermen are entitled to compensation:* 61 S. C., 236; 62 S. C., 56; 38 S. C., 308; 59 S. C., 376; 63 S. C., 348; 69 S. C., 506.

*Mr. Jas. F. Izlar,* also contra, cites: *Complaint is not fatally defective:* 12 S. C., 1; 13 S. C., 439.    *Thee are exceptions to general rule as applied to condemnation statutes:* 62 S. C., 52; 38 S. C., 308; 59 S. C., 377; 42 S. C., 431; 60 S. C., 381.

October 7, 1905.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The complaint is to recover compensation for the use of land held by the defendant, Charleston and Savannah Railway Company, as a right of way. The railway company demurred to the complaint, "on the

ground that the same does not state facts sufficient to constitute a cause of action, inasmuch as the remedy provided by article II., chapter 51, secs. 1743 to 1755, Revised Satutes of 1893, for obtaining compensation for right of way is exclusive." The appeal is from an order overruling the demurrer.

The complaint expressly alleges, (1) that the plaintiff and the defendants, except the railway company, are the owners of the land claiming under the will of Joseph Glover after the life estate devised to Francis Y. Glover; (2) that the railway company entered and constructed its road during the lifetime of Francis Y. Glover, the life tenant, "long before the rights of the plaintiff and her cotenants accrued, and long before many of them were *in esse,* some of the parties now in interest being at the time when their rights accrued, and now, minors under the age of twenty-one years;" (3) that the defendant railway company denies the right to compensation, and (4) that neither the plaintiff nor any of the defendants who are in common interest with her "have actually or presumptively consented to, or permitted the entry of the said Charleston and Savannah Railway Company, nor any one or more of its predecessors in title upon the said premises or any part thereof, for the purpose of constructing said railroad or railway thereon, or for any purpose whatsoever."

It has been decided in many cases that the condemnation statute provides no method for determining the right of compensation where it is disputed, and that the right must be adjudicated in an action of this kind. *Riddlehuber* v. *Ry. Co.,* 38 S. C., 308, 17 S. E., 14; *Cureton* v. *R. R. Co.,* 59 S. C., 371, 37 S. E., 914; *Glover* v. *Remley,* 62 S. C., 52, 39 S. E., 780; *Ry. Co.* v. *Reynolds,* 69 S. C., 481. Under these authorities, the statutory proceedings are not applicable here, for the further reason that the complaint alleges those who claim the land as owners have not actually or presumptively consented to or permitted the entry by the corporation for construction.

Under the allegations of the complaint, ownership of the land included not only the life estate of Francis Y. Glover, but the remainder claimed by the plaintiff and the defendants in common interest with her.   Permission or consent by the life tenant could not affect the interest of the remaindermen. *Cureton* v. *R. R. Co., supra; Ry. Co.* v. *Reynolds, supra.*

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of·illness.*