### 8667

### PARISH v. TOWN OF YORKVILLE.

CONDEMNATION—CITIES AND TOWNS—SEWERAGE.—Under 3023, Code 1912, providing that a municipality may condemn lands and streams for sewerage, the landowner has the right, after stream running through his land has been appropriated for discharge of sewage, to invoke the provisions of the statute and have the stream condemned. If the right to compensation be denied, the landowner may have this issue tried by action in the Court of Common Pleas.
*Matheny* v. *Aiken*, 68 S. C. 179, *distinguished from this case.*

Before SEASE, J., York, Fall term, 1912.   Reversed.

Action by Laura E. Parish against Town of Yorkville. Plaintiff appeals.

*Messrs Marion & Marion* and *Thos. F. McDow*, for appellant.   *Messrs. Marion & Marion* cite: *Where statutory condemnation is given, it is exclusive:* 68 S. C. 179; 47 S. C. 484.   *These statutes do not apply here:* 38 S. C. 308; 59 S. C. 377.   *The Court of Common Pleas is the Court to give the relief:* 59 S. C. 377.   *Plaintiff cannot be deprived of her property without compensation:* 221 U. S. 636; 172 U. S. 269.   *Corporation is not exempt from suit:* 87 S. C. 118; 221 U. S. 636; 118 U. S. 19; 19 How. 263; 1 Black 39; 2 Black 590.   *Defendant should abandon premises or start condemnation:* 76 S. C. 99.   *Remedy for the tort of defendant:* 33 S. C. 278; 52 S. C. 69; 64 S. C. 455, 438; 53 S. C.

82, 579; 26 Cyc. 162, 172, 250; 22 S. W. 335; 54 N. W. 946; 49 S. C. 95; 76 S. C. 95; 34 S. C. 306; 20 S. C. 118; 91 U. S. 543; 60 S. C. 1; 54 S. C. 199; 72 S. C. 95; 77 S. C. 81; 5 Strob. 26; 78 S. C. 224; 79 S. C. 269, 381.

*Mr. W. W. Lewis,* contra, cites: *Municipal corporation can not be sued without statutory authority:* 2 M. & McC. 537; 2 Hill 575; 14 S. C. 291; 19 S. C. 412; 20 S. C. 118, 498; 27 S. C. 419; 34 S. C. 145; 43 S. C. 401; 44 S. C. 170; 68 S. C. 163; 58 S. C. 60; 70 S. C. 140; 89 S. C. 515. *No statute authorizes this suit:* 58 S. C. 413; 43 S. C. 398; 47 S. C. 483; 53 S. C. 577; 64 S. C. 44; 68 S. C. 163. *Constitution has not been violated:* 13 Wall. 177; 68 S. C. 174. *Compensation need not be paid before the taking:* 159 U. S. 380; 25 Fed. 521; 40 Ind. 33; 38 N. J. L. 151; 7 Barb. 416; 54 N. Y. 122; 8 Pa. Co. Ct. R. 600; 13 Kan. 145; Cooley on Con. Lim. 560.

October 9, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff attempted to set up two causes of action in her complaint. Divested of unnecessary verbiage, the material allegations of the first cause of action are: That, since the year 1908, the defendant has emptied the sewage of the town of Yorkville into a stream which flows through plaintiff's land, thereby polluting the waters thereof to her injury and damage; that said use of her property was begun without notice to her, and without her consent, and without acquiring the right thereto, or making compensation therefor, in the manner prescribed by law, and that it has been continued against her protest; that defendant has refused her demand for compensation, and denies her right thereto; that such use of her property is a taking thereof for a public purpose, without compensation, and without due process of law, and she is thereby

denied the equal protection of the law, contrary to the guarantees of both the State and Federal Constitutions.

The allegations of the second cause of action are such as are usual and appropriate to an action against a municipal corporation for damages for tort under the statute. (Civil Code, 1912, sec. 3053.)

The grounds of demurrer to the first cause of action are: 1. That an action for damages for tort cannot be maintained against a municipal corporation, in the absence of legislative authority, and there is no such authority to bring this action. 2. That plaintiff has a remedy by condemnation, which is exclusive. The first ground was also interposed to the second cause of action. The Court sustained the demurrer to both causes of action and dismissed the complaint.

It has been settled by a long line of decisions in this Court that an action for damages for tort will not lie against a municipal corporation, unless the corporation is made liable by statute, because such corporation is merely an agent of the State for governmental purposes. *Young* v. *Commissioners,* 2 N. & McC. 537; *White* v. *Charleston,* 2 Hill 575; *Coleman* v. *Chester,* 14 S. C. 291; *Black* v. *Columbia,* 19 S. C. 412; *Young* v. *Charleston,* 20 S. C. 118; *Acker* v. *Anderson,* 20 S. C. 498; *Chick* v. *Newberry,* 27 S. C. 419, 3 S. E. 787; *Hill* v. *Laurens,* 34 S. C. 145; *Dunn* v. *Barnwell,* 43 S. C. 402; *Parks* v. *Greenville,* 44 S. C. 170, 13 S. E. 318; *Matheny* v. *Aiken,* 68 S. C. 163, 47 S. E. 56; *Bramlett* v. *Laurens,* 58 S. C. 60, 36 S. E. 444; *Bryant* v. *City Council,* 70 S. C., 140, 49 S. E. 229; *Irvine* v. *Greenwood,* 89 S. C. 515, 36 L. R. A. (N. S.) 363.

It is not, and cannot be disputed, that plaintiff has been deprived of her property—that it has been taken by defendant for a public purpose within the meaning of the constitutional guarantee that private property shall not be taken for a public purpose without just compensation. *Matheny* v. *Aiken,* 68 S. C. 179, 47 S. E. 56, and cases cited. The

question of vital interest to the plaintiff, then, is: Has she any remedy for the injury which she has admittedly sustained? We think she has. As the Constitution forbids the taking of private property for a public use without just compensation, the grant by the legislature of the right to condemn private property for such purposes imposes upon the condemning corporation the correlative duty to make just compensation for property so taken. *Bramlett* v. *Laurens,* 58 S. C. 60, 36 S. E. 444.

As condemnation of lands for such purposes is statutory in its origin, and was unknown to the common law, there is no common law action appropriate to the assessment of compensation in such cases. Hence, the statutes which confer the right to condemn usually provide a method of ascertaining the compensation, and this Court has uniformly held that, when the statute provides a method, it is exclusive, the intention being that the remedy shall be simple, inexpensive and expeditious. (See cases cited below.)

Turning to the statutes (acts of 1902, 23 Stat. 1040, Civil Code, 1912, sec. 3023), we find that the act which conferred upon municipal corporations the power to condemn lands and streams for the purpose of discharging sewage, provides that the compensation therefor shall be ascertained as follows: The corporation shall appoint one arbitrator, the landowner one, and these two a third, and the three shall constitute a board which shall ascertain the compensation and render its decision in writing, which shall be filed in the office of the clerk of the Circuit Court. From the award, either party may appeal to the Circuit Court, where the question of compensation shall be submitted to a jury in open Court.

Appellant contends, however, that the statute authorizes the corporation only to institute condemnation proceedings. We do not concede the correctness of that proposition. The rights and duties of the municipality and of the landowner are reciprocal and correlative under the statute. It

was intended for the benefit of both.   We see no reason why either may not invoke the rights and remedies provided by it.   There is no material difference between this statute and section 30 of the charter of the city of Greenville (which is quoted in full in *Water Co. v. Greenville,* 53 S. C. 86, 30 S. E. 699), under which it was held that the landowner sustaining damages could, by mandamus, compel the appointment of an arbitrator, who should be one of a board of three to assess damages, as in section 3023, *supra,* under which the appointment of the arbitrator is the initial step in the proceedings.   If the Court can compel the appointment of an arbitrator, we see no reason why it may not compel the institution of condemnation proceedings, because, if the right to compensation is conceded or has been determined, the institution of proceedings to ascertain the amount of compensation is a plain ministerial duty.   *Garraux v. Greenville,* 53 S. C. 575; *Gibson v. Greenville,* 64 S. C. 455.   We conclude, therefore, that plaintiff has a remedy by condemnation under the statute.   It therefore becomes unnecessary to consider the question whether, in the absence of a remedy by condemnation, plaintiff would have a cause of action under section 3053, *supra.*

But the statute provides only for ascertaining the amount of compensation.   It does not provide a method for determining the right to compensation, when the right thereto is denied.   In *Water Co. v. Nunnamaker,* 73 S. C. 550, 53 S. E. 996, the Court said: "When the right to institute condemnation proceedings is contested, the proper remedy is to bring an action in the Court of Common Pleas, in order that the Court may, in the exercise of its chancery powers, determine such right.   *Railway v. Ridlehuber,* 38 S. C. 308, 17 S. E. 24; *Cureton v. Railway,* 59 S. C. 371; *Glover v. Remley,* 62 S. C. 52, 39 S. E. 180; *Railroad v. Burton,* 63 S. C. 348, 41 S. E. 451; *Riley v. Union Station Co.,* 67 S. C. 84; *Reynolds v. Railway,* 69 S. C. 481, 48 S. E. 476."   To these may be added *Lietzey v. Water Co.,* 47

S. C. 484; *Garraux* v. *Greenville,* 53 S. C. 575; *South Carolina & W. Ry.* v. *Ellen,* 95 S. C. 68, 78 S. E. 963; *Groce* v. *Greenville etc. Ry. Co.,* 94 S. C. 199.

The plaintiff alleges, in her first cause of action, that her right to compensation is denied, and that allegation is admitted by the demurrer. Therefore, under the authorities above cited, she stated a cause of action to have her right to compensation determined by the Court, and the Court erred, therefore, in sustaining the demurrer to that cause of action.

This case differs from the case of *Matheny* v. *Aiken, supra.* The complaint in that case, which was held insufficient on demurrer, did not allege that plaintiff's right to compensation was denied, and the omission of that allegation was made a ground of the decision, as it was in *Glover* v. *Remley,* 62 S. C. 52, 39 S. E. 780.

Reversed.