11450

STEVERSON v. ORANGEBURG COUNTY
ALTMAN v. ORANGEBURG COUNTY

(121 S. E., 789)

1. HIGHWAYS—IN ACTION FOR INJURIES TO LIVESTOCK BY DEFECTIVE PIPE AT INTERSECTION OF HIGHWAY AND NEIGHBORHOOD ROAD, EVIDENCE AUTHORIZED REFUSAL TO DIRECT VERDICT FOR COUNTY.—Evidence that plaintiff's horse and mule were injured by a defective pipe furnished by the county, and placed in the ditch of a county highway at the intersection of the highway and a neighborhood road, *held* to authorize the refusal to direct a verdict for the county.

2. HIGHWAYS—IN ACTION FOR INJURIES TO STOCK AT INTERSECTION OF HIGHWAY AND NEIGHBORHOOD ROAD. BOUNDARY OF HIGHWAY HELD QUESTION OF FACT.—In an action against a county for injuries to a horse and mule resulting from a defective pipe in a ditch at the intersection of a county highway and a neighborhood road, the question of where the line of the highway ran was at most a question of fact upon which the Court could express no opinion.

Before BOWMAN, J., Orangeburg, July, 1923. Affirmed.

Two actions brought together. S. L. Steverson and O. C. Altman against Orangeburg County. Judgments for plaintiffs and defendant appeals.

*Mr. L. K. Sturkie,* for appellant, cites:   *1 Civ. Code, 1912, Sec. 1972, does not apply to neighborhood roads:*   34 S. C., 141.   *No liability unless defect is in highway:*   87 S. C., 359; 106 S. C., 224.

*Messrs. Julian S. Wolfe* and *J. LeRoy Dukes,* for respondents, cite:   *Ditch and culvert were part of highway and county liable for negligent repair thereof:*   114 S. C., 386; 111 S. C., 7; 83 S. C., 509 40 S. C., 342; 117 S. C., 251.

March 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These two cases involved the same questions, and were heard on Circuit and in this Court together.

In Orangeburg County a public highway ran from Neeses to Springfield.   There was a neighborhood road that connected with the public highway.   The public highway had a ditch on either side.   At the intersection of these two roads a galvanized pipe was put in the ditch and dirt thrown over it.   The pipe was defective, and a horse and mule belonging to the plaintiffs were injured.   The County was sued and denied liability on the ground that the crossing was made only for the benefit of those who used the neighborhood road.   The judgments were for the plaintiffs, and the defendant appealed.   All the testimony showed that the animals were injured by the defective piping used to prevent the interruption of the flow of the water in the ditch, constructed and used to drain the public road.

I. The defendant moved for directed verdicts.   His Honor could not have granted these motions.   In the absence of evidence to the contrary, we must assume that the County dug its ditches within its right of way.   There was abundant evidence that the place of the injury was within the public road.   Of course, if the injury had been in the neighborhood road, the County would not

have been liable under the authorities cited by the appellant, but there was no such evidence. The highway was not built solely for the benefit of people living at Neeses and Springfield. The County cannot dig ditches or build fences along its highway and exclude the people living along the way from the use of the highway. There must be crossings, and the County has exclusive control of that portion that is upon the public highway. The traveler coming to a public highway, intending to travel thereon, is using the public highway as a public highway from the time he crosses the line until he leaves it. In both cases the animals were injured by defective pipes furnished by the County, while they were on the public highway, using it as a public highway. The exceptions raising this question are overruled.

II. The other assignment of error is that his Honor refused to tell a juror where the line of the highway ran. That was, in the most favorable view to the appellant, a question of fact upon which his Honor could express no opinion.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE COTHRAN (dissenting): I cannot distinguish this case from *State v. Mellette,* 106 S. C., 224; 91 S. E., 4, which in my opinion is controlling in favor of the appellant. In that case the defendant was indicted for obstructing a neighborhood road by removing a bridge which connected the neighborhood road with a public highway, exactly the situation which is presented in the case at bar except that in the one case the drainage ditch on the side of and parallel with the highway was spanned by a bridge, and in the other a galvanized iron pipe constituted a culvert, which was covered with earth and afforded passage from the terminus of the neighborhood road to the highway, or vice versa.

In the *Mellette Case* the question was whether or not the bridge was a part of the public highway, under the rule

declared in *State v. Harden,* 11 S. C., 360, that Criminal Code, 1922, § 601, relating to the obstruction of highways, applies only to highways under the jurisdiction of the County or state authorities, such as are laid out or improved at the public expense, and that it is not applicable to neighborhood roads. The Court held:

"The contention that, as the bridge connected the neighborhood road with the public highway was built by the County authorities, its removal brought the case within the statute as an obstruction of the public highway, is untenable."

Under this construction, if the defendant had removed a culvert, used for exactly the same purpose as the bridge was, he could not have been convicted of obstructing a public highway.

In the case at bar the question is whether or not the culvert was a part of the public highway, under the rule declared in *Hill v. Laurens County,* 34 S. C., 141; 13 S. E., 318, that Section 2948, Vol. 3, Code of 1922, relating to damage resulting from defective highways, applies only to highways under the jurisdiction of the County authorities, such as are laid out or improved at the public expense, and that it is not applicable to neighborhood roads. Under the construction placed by the Court upon practically identical conditions, it must be concluded that the culvert was not a part of the highway.

The case of *Wallace v. Orangeburg,* 87 S. C., 359; 69 S. E., 664, is meagerly reported. An examination of the record in that case discloses the fact that it is parallel with the *Mellette Case,* so far as the bridge is concerned; that is, it presented a case of a neighborhood road debouching into a highway over a bridge across a drain. It was held there that the County was not liable.

I know of no authority which would justify the County authorities in denying to the patrons of a neighborhood road, or even of a private path, the right to connect with a

public highway wherever they saw fit, provided such connection did not interfere with the public use. If they are not authorized to remove or prevent the installation of the necessary connections for the prosecution of legitimate business, the County should not be held liable for an injury caused by the negligent location, construction, operation, or maintenance of such connections. The fact is that the construction of the culvert was made necessary by the exercise of a right which the County could not prohibit; and it seems only fair that those in the exercise of that right should alone be charged with the duty of maintaining it. The culvert was not placed by the County nor was it used in connection with the use of the highway or maintained by the County. The statute was intended for the protection of those using the highways as such (see authorities cited in *Faust v. Richland,* 117 S. C. at page 269; 109 S. E., 151); it certainly was not intended for the protection of one leaving the highway by means not provided by or under the control of the County.

I do not suppose that it would be contended that the County would be liable to one using a bridge placed there by himself, over a drain ditch, connecting with a private road or path to his dwelling; and, if not, why make a distinction in favor of the patron of a neighborhood road?