0367

Ann Harris WILLIAMS, Appellant, v. James R. SKIPPER and Margaret S. Skipper, Respondents.

(325 S. E. (2d) 577)

Court of Appeals

*J. Graham Sturgis, Jr.,* of *Altman & Sturgis, P.A.,* Charleston, *for appellant.*

*E. Lloyd Willcox,* Charleston, *for respondents.*

Heard Nov. 20, 1984.

Decided Jan. 17, 1985.

*Per Curiam:*

Appellant Ann Harris Williams appeals from the final order of Judge Louis Condon, Master-in-Equity for Charleston County, dismissing her action against respondents James and Margaret Skipper for damages and injunctive relief from their diversion of surface waters onto her property. We affirm the judgment entered.

The facts are stipulated. Both appellant and respondents own property located in Ocean View subdivision on the pen-

insula extending into Clark Sound on James Island, Charleston County. Respondents' lot is the last lot on the eastern tip of the peninsula and appellant's lots are adjacent to respondents' lot on its western side. The general flow of water on the peninsula is north and south into Clark Sound and down the slope of the peninsula from west to east into Clark Sound. Because respondents' lot is located at the terminus of the peninsula and is lower than appellant's adjacent lots, surface water which falls on both properties flows into a depression on respondents' lot and into the marshes of Clark Sound.

Appellant took title to her property in 1971 and resided there until 1976. Respondents purchased their lot in 1974. At that time, the lot had several large drainage ditches on it which were filled with water. In addition, approximately two-thirds of the lot lay under water. In 1976, respondents began transporting fill dirt onto their lot to raise its elevation so that a residence could be built on it. The fill ultimately elevated a part of the property to a point higher than the elevation of appellant's lots. The remaining portion is at the same level it was when respondents acquired the lot. Their house was built and they now reside in it.

Subsequent to the filling of respondents' lot, appellant began complaining of a condition of general bogginess on her lot which resulted in standing water, improper functioning of her septic tank drain field, increased wood rot about her premises and several other damaging side effects. She commenced this action in March, 1979, to recover her actual damages and to have respondents enjoined from creating a nuisance.

The master-in-equity first found that the appellant's damages, if any, were caused by surface water. Under the "common enemy" doctrine governing the disposal of surface water, the master held that the respondents had the right to take any measures necessary to protect their property against it, even if it resulted in damage to the appellant. Further, he found no evidence that the respondents' acts created a nuisance *per se,* one of the two exceptions to the common enemy doctrine. The master therefore dismissed the appellant's suit.

Prior to transferring the case to this Court, our Supreme Court granted appellant's petition to argue against precedent. Appellant therefore urges this Court to overrule the common enemy doctrine adopted in *Edwards v. Charlotte, C. & A. R. Co.*, 39 S. C. 472, 18 S. E. 58 (1893), and subsequently applied in *Baltzeger v. Carolina Midland Railway*, 54 S. C. 242, 32 S. E. 358 (1899); *Johnson v. Charleston & W. C. Railway*, 71 S. C. 241, 50 S. E. 775 (1905); *Banks v. Southern Railway*, 126 S. C. 241, 118 S. E. 923 (1923); *Rivenbark v. Atlantic Coast Line Ry.*, 124 S. C. 136, 117 S. E. 206 (1923); *Deason v. Southern Railway*, 142 S. C. 328, 140 S. E. 575 (1927); and *Suddeth v. Knight*, 280 S. C. 540 314 S. E. (2d) 11 (S. C. App. 1984).

Appellant contends the Court should adopt the "reasonable use" rule,[1] first, because the common enemy doctrine was adopted by mistake in South Carolina, *see* Toal, *Surface Water in South Carolina*, 23 S. C. L. Rev. 82 (1971); second, the trend of the law in general is toward standards requiring reasonable conduct in matters affecting property; and third, the judicially-created exceptions to the common enemy doctrine have rendered its application uncertain.

We have carefully considered the arguments of the appellant. Assuming without deciding that there is merit in each of her contentions, we decline to adopt the reasonable use rule in this case because the appellant had not demonstrated that she could prevail were we to adopt the rule.

Accordingly, we affirm the judgment of the master-in-equity.

Affirmed.

---

[1] In *Pendergast v. Aiken*, 293 N. C. 201, 236 S. E. (2d) 787, 796 (1977), the North Carolina Supreme Court in an extensively researched opinion on the theories of surface water disposal defined the rule thusly:

"Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface water is altered thereby and causes some harm to others, but liability is incurred when his harmful interference with the flow of surface waters is unreasonable and causes substantial damage. *Armstrong v. Francis Corp.*, [20 N. J. 320, 120 A. (2d) 4 (1956)]; *accord, Weinberg v. Northern Alaska Development Corp.*, [384 P. (2d) 450 (Alaska 1963)]."